# Wingate S. Ordway *vs.* Benjamin F. Wilbur.

Cloth purchased for a coat, carried to a tailor to be made into one, and cut out, is exempted from attachment.

The Court of Common Pleas has power to grant an amendment, permitting a writ of original summons, directing the attachment of property, to be changed into a regular writ of attachment.

Exceptions from the Court of Common Pleas, Perham J. presiding.

The action was trespass for taking and carrying away *two yards of broadcloth.* When the action was commenced, the writ was in form an original summons, and property was attached thereon. The defendant pleaded in abatement, " that the plaintiff's writ at the time it was served on the defendant, did not command the officer to whom the same was delivered for service, to take the body of the defendant, if the same could be found in his precinct, in want of his goods and estate, but that it was in form a summons and attachment only." The plaintiff moved for leave to amend so as to make the process in form a writ of attachment. The Judge decid-

ed, " that the plea was not a good cause of abatement, and order-
ed the defendant to answer further, allowing the plaintiff to amend
his writ," as requested.

The defendant then pleaded the general issue, and filed a brief
statement, justifying the attachment of the cloth as a constable of
the town of *Orono.* The plaintiff proved, that he had procured
the cloth, being two yards of superfine broadcloth, for the purpose
of being made into a coat for himself, and had left it with a tailor
who had taken his measure and cut out the cloth, but before it was
made up, it was attached by the defendant, and taken from the
shop, the tailor stating to him the facts. There was evidence tend-
ing to prove, that the plaintiff was poor and in need of a coat.

The plaintiff's counsel contended, that the cloth, in the situation
in which it was when attached, was exempted from attachment by
the statute, as " necessary wearing apparel." The defendant's
counsel contended, that it was not so exempted, but liable to at-
tachment. The Judge thereupon instructed the jury, that if they
found by the evidence, that the cloth had been procured by the
plaintiff and left with the tailor to be made into a coat, and the
same was necessary for the plaintiff, and the operation had actually
commenced by being cut out for the garment before it was taken,
they might consider the same as coming within the exemption of
the statute. The verdict was for the plaintiff, and the defendant
excepted.

The case was argued in writing by *Washburn & Prentiss,* for
the defendant, and by *Wilson,* for the plaintiff.

The counsel for the defendant cited in their argument, to show that
the amendment should not have been permitted, and that the writ
should have been abated, *stat.* 1821, *c.* 63, § 1 ; *Cooke* v. *Gibbs,*
3 *Mass. R.* 193 ; *Howe's Pr.* 59, 361 ; 3 *Black. Com.* 51 ; *Co.
Lit.* 348 ; 9 *Pick.* 446 ; 13 *Johns. R.* 127. To show that the
cloth was not exempted from attachment, they cited *stat.* 1821, *c.*
95 ; 13 *Mass. R.* 84 ; 6 *Bac. Abr. st.* 16 ; 15 *Mass. R.* 163.

*Wilson,* for the plaintiff, contended, that the amendment was
properly permitted, and that the cloth was not liable to attachment.
He cited in relation to the amendment, 3 *Greenl.* 183 ; *ib.* 216 ;
6 *Greenl.* 307 ; 1 *Shepl.* 307 ; 1 *Pick.* 156. And to show that

the cloth was exempted from attachment, 13 *Mass. R.* 86 ; 15 *Mass. R.* 205 ; 2 *Pick.* 80 ; 10 *Pick.* 423.

The opinion of the Court was drawn up by

SHEPLEY J. — This Court has decided that an amendment in matter of substance, similar to the one allowed in this case, might be made on terms, by virtue of the fifteenth rule of this Court. *Matthews* v. *Blossom,* 15 *Maine R.* 400. This amendment might be made by virtue of the eighth rule of the Court of Common Pleas, and this Court must suppose, that the Judge exercised his discretion as to the terms.

The intention of the legislature in exempting certain goods from attachment should be carried into effect. A construction of the statute so liberal as to allow it to be perverted to fraudulent purposes, should be avoided, while one so strict as to defeat the object designed ought not to prevail. Apparel, it is said, means dress, clothing, vestments, garments ; and hence it is inferred, that nothing is comprehended in the term, but such as are in a fit state to be worn or used as such. A construction so strict would not exempt a garment wholly or partially in pieces for repair or alteration. When cloth has assumed the form and shape to fit it to the body of a particular person, may it not be regarded as his vestment, although not in a condition at that time to be worn ? If the tailor had made a charge of his services would he not have charged for " cutting a coat ?" When handing it to his journeyman to be sewed, would he not speak of it as a " coat to be made ?" And if so must it not, in the popular language used by the trade, be regarded as a coat and part of the plaintiff's apparel ?

The principal object of the exemption probably was to secure to the debtor all the comforts of clothing ; it may also have been considered, that garments once formed to the person of an individual would lose much of their value by being taken and exposed to a public sale. And if so, to allow it in this instance would be to permit one of the mischiefs intended to be prevented.

*Exceptions overruled.*