No. 50.—SIMEON SMITH, plaintiff in error, *vs.* GEORGE T. ROGERS, defendant in error.

[1.] An insolvent debtor is not entitled to have as many as two watches exempt from sale. It is doubtful whether he is entitled to have even one.

[2.] Nor is he entitled to have exempt his *wife's* "implements or tools" of "trade or calling".

*Ca. Sa.* in Monroe Superior Court.    Decision by Judge WAR-NER, February Term, 1854.

The defendant was arrested under a *ca. sa.* He filed his schedule, preparatory to taking the benefit of the Insolvent Debtor's Act. At the hearing he moved the Court to exempt from sale a silver watch, claiming the same as a part of his "wearing apparel"; also a piano and guitar, for the use of his wife, who was a "music teacher".

The Court refused the motion, upon the grounds—

1st. Because the wife had claimed and been allowed a gold watch.

2d. Because the defendant was a gunsmith and dentist; and as such, had been allowed the "implements of his trade". To which decision Counsel for defendant excepted.

HAMMOND, for plaintiff in error.

STUBBS & HILL, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

The general rule is, that all of a man's estate, both real and personal, is subject to be sold under execution, for the payment of his debts. (*Jud. Act of* 1799, §31.)

The estate of the wife is the estate of the husband. This, too, is the general rule.

[1.] Various articles of property, however, have, from time to time, been exempted by the Legislature, from this liability. But among these articles is not to be found watches, unless they come under the head of "wearing apparel". It is doubtful whether they can be made to come under that head. If, however, they can, we think that not more than one can be made to do so. And one, and the best one, the Court allowed to be exempt in this case.

Nor are pianos and guitars to be found, by name, among the exempted articles. If, therefore, they are exempt, it must be because they are included in some of those which are named. It was insisted that they are included in the expressions— "common tools of his trade", "the working tools or implements of my trade or calling".

But that could not be so; for the debtor was not a music teacher, but was a gunsmith and dentist; and these are not the tools or implements of the trade or calling of a gunsmith or dentist.

[2.] It is true that his wife was a music teacher; but the Acts, none of them, exempt the tools or implements of the wife's trade or calling. They only exempt those of the debt-

or's, himself.  Hers, therefore, must be held still to remain governed by the general law.   And that subjects them to sale for the husband's debts.   (*Cobb's Dig.* 380, 385, *et seq.*)