## MERRICK T. HITCHCOCK *vs.* SANFORD H. HOLMES.

The statute which exempts from execution "household furniture necessary for supporting life," is to be construed in a humane and liberal sense, and so as to include articles of convenience and comfort, and not those merely which are indispensable.

But all superfluities and articles of ornament and luxury should be excluded.

Held that four sets of lace curtains with tassels, suspended from cornices of black walnut, of the value in the whole of $172, were not exempted.

Also a pier glass, with base, of the value of $125.

Also a clock, with a glass globe over it, of the value of $50; although it was the only clock belonging to the debtor.

An officer with a writ of attachment called at the house of the defendant in the writ, and rang the door bell. A servant opened the door and the officer asked for the defendant and then for his wife, both of whom were absent. The servant then told him that the wife's mother was in and asked him if he would like to see her. He said he would, and entered, and when within attached the furniture. Held that his entry was a lawful one.

TRESPASS *de bonis asportatis;* brought to the Court of Common Pleas of New Haven County, and tried to the court, on the general issue, with notice that the property was taken on an attachment by the defendant as an officer, before *Peck, J.* Facts found and judgment rendered for the plaintiff, and motion for a new trial by the defendant. The case is sufficiently stated in the opinion.

*S. E. Baldwin* and *W. K. Townsend,* in support of the motion, cited, as to the articles not being exempt from execution, *Montague* v. *Richardson,* 24 Conn., 347; *Seeley* v. *Gwillim,* 40 id., 110; *Weed* v. *Dayton,* id., 296; *Davlin* v. *Stone,* 4 Cush., 359, 361; *Towns* v. *Pratt,* 33 N. Hamp., 345, 349; *Dunlap* v. *Edgerton,* 30 Verm., 224; *In re Cobb,* 1 Bankr. Reg., 414. And as to the entry of the officer being a lawful

one, 1 Swift Dig., 592; *Semayne's case*, 5 Coke, 92 *a; Kerbey* v. *Denby*, 1 Mees. & Wels., 339, 342.

*D. R. Wright,* contra, cited, as to the articles being exempt, *Patten* v. *Smith*, 4 Conn., 450; *Atwood* v. *De Forest*, 19 id., 513; *Montague* v. *Richardson*, 24 id., 338; *Seeley* v. *Gwillim*, 40 id., 106; *Weed* v. *Dayton*, id., 293. And as to the entry of the officer being illegal, 1 Swift Dig., 592; Niles's Civil Officer, ch. 2, p. 232.

PARDEE, J. In February, 1875, the defendant as a constable of the town of New Haven, upon a writ of attachment issued in an action of assumpsit against the present plaintiff in favor of a creditor, attached and took into his possession the following articles of household furniture belonging to the plaintiff, viz., four sets of lace curtains, with tassels, suspended from cornices of black walnut, all of the value of $172; one pier glass, with base, of the value of $125; and one clock, with glass globe over it, of the value of $50.

For such taking the plaintiff has instituted this action of trespass against the officer, and asks judgment for two reasons: first, because the articles taken were exempt from attachment under the statute; and, second, because the process was served in an illegal manner.

The statute declares that, in addition to certain other property, "household furniture necessary for supporting life" shall be exempted and not liable to be taken by warrant or execution. This mitigation of the rigor of the common law, which devotes all the property of the debtor to the payment of his debts, is based upon humane considerations, and is designed to make it possible for him to continue the support of his family under the most adverse circumstances.

No fixed or precise definition can be given to the word *necessary* as used in the statute; the facts in each case must control its interpretation. Of course it is susceptible of being confined within very narrow limits; for we know, as a matter of fact, that many families exist, although they are enabled to use very few of the articles to be found in an ordi-

nary household, and these in their rudest forms. But a proper regard for plain legislative intent requires us to use it in a broader, more liberal and more humane sense; to pass beyond what is strictly indispensable, and include articles which to the common understanding suggest ideas of comfort and convenience. But, having done this, the obligation is upon us to exclude all superfluities, and articles of luxury and ornament.

There is a class of cases in which the word has been made quite comprehensive in meaning; where wives are temporarily living apart from their husbands; or where articles have been furnished to minors. In these cases courts have to a certain extent taken notice of the wealth of the parties interested and of their station in life, and have greatly enlarged the scope of the word. But, for obvious reasons, these cases must not furnish the rule for the determination of questions between debtor and creditor. This right of exemption is to be exercised in view of the fact that it is the policy of the law to compel every man to be just to his creditors, and it is to be borne in mind that perhaps the want of the sum buried in articles of ornament and detained by the debtor, is precisely that which prevents the creditor's family from having the use of articles strictly necessary for their comfort and convenience. By no latitude of interpretation can the articles named in this record be brought within the intent of the act. Lace curtains of the value of $160, hanging over other curtains of cloth, suspended from cornices of black walnut, these serve no strictly useful purpose; they do not protect from heat or cold or observation; there are many families of refinement, taste, and culture, living in homes of comfort and convenience in which these articles are not to be found; and we cannot judicially determine that they are necessary to the support of life in comfort or convenience, especially as curtains of cloth remained upon the windows. If articles of ornament are conceded to this plaintiff they can be denied to no debtor; in the eye of the law all men are equal.

The mirror is described as "a pier glass with base," and as being of the value of $125. While we concede that mirrors of common size and cost are within the statute, we are com-

pclled to say that the detention by the plaintiff from his creditors of the sum invested in this one mirror is contrary to the spirit of the exemption, especially as the record does not disclose the number of mirrors left for the use of his family.

The record speaks of the clock as of the value of $50. Clocks, marking time with sufficient accuracy for the ordinary purposes of the household, can be obtained for a comparatively small sum of money. The law intends that the debtor, when withholding money from his creditor for furniture, shall supply each class of his necessities and secure his comfort and convenience by expending money in a reasonably economical manner, looking solely to utility. If we depart from this rule it will be impossible to establish any other. The expenditure of one hundred dollars for a clock, for use merely, can be justified as well as the expenditure of fifty; and notwithstanding the fact that the plaintiff had no other clock, we say that in this form he retained money beyond the demands of utility, or convenience, or comfort, and therefore places himself beyond the spirit of the exemption. While in form asking for conveniences, he is in fact securing ornaments; and in this, is wresting a beneficent statute from its purpose.

Upon the second point, the record shows that the defendant, having the writ in his possession, proceeded to the plaintiff's house and rang the bell; the servant opened the door; the defendant asked first for the plaintiff and then for his wife; both were absent; the servant told him that the wife's mother was within and asked if he would like to see her; he replied that he would, and entered, and when within attached the furniture in question. Upon these facts we are of opinion that this entry was lawfully made. The plaintiff's servant opened the door; the officer remained outside until invited to enter; he was under no legal obligation, unasked, either to disclose the reason why he wished to enter and see some one of the inmates, or to decline the offer of admission voluntarily made. If, upon knocking at the door, the occupant from within had bidden him to enter, he might have opened the door and entered without giving notice that he intended to serve process; if he had found the door open he might have

entered without summoning the master of the house to hear a declaration as to his intention. The entry having been made without force, peaceably and even permissively, was quite within the demands of the law concerning the service of process.

There should be a new trial.

In this opinion PARK, C. J., and CARPENTER and FOSTER, JS., concurred.

LOOMIS, J. One clock or time piece is clearly a necessary article, and is within the exemption of the statute as much as if specified by name; only, if so specified, there might be no room, by construction, to deprive the article of its exemption on account of its value. If a thing really belongs to the class of useful and necessary articles, as distinguished from those of mere luxury and ornament, it seems hardly consonant with the liberal construction hitherto given to the statute to deprive a person wholly of all the benefit of the act, merely because his taste, or perhaps some fortunate purchase, or the gift of some friend, has enabled him to own a single article of necessity, which, at the same time, has more beauty and value than is required to serve the rigid purpose of mere utility. If the case had disclosed any great extravagance in this investment beyond the debtor's degree and station in life, or any purpose on his part to sequester money from his creditors under the form of an article of necessity, it would doubtless have led me to a different conclusion; but the facts as found negate both suppositions. The same principles of construction which led the majority of the court to the conclusion that the clock in question was not exempt, would, it seems to me, enable a creditor to take away by attachment his debtor's only coat, or his only bed and blankets, provided they were worth considerably more than would be required to purchase comfortable articles of the kind.

Wearing apparel, beds and bedding, are exempt (if at all) by force of the same words in the statute as apply to household furniture.

I concur in the opinion of the majority with the above exception, and in the result.