## Case No. 13,346.

### In re STEELE.

[2 Flip. 324;[1] 19 N. B. R. 41; 8 Cent. Law J. 86.]

District Court, W. D. Tennessee. January 11, 1879.

#### BANKRUPTCY—EXEMPTIONS.

1. Where the register allowed the bankrupt, who was engaged in commerce, a watch of small value: *Held*, proper, as the same was a necessary article.

[Cited in Stewart v. McClung, 12 Or. 431.]

2. The court construes the words in the bankruptcy act [of 1867 (14 Stat. 517)] "other articles," "necessaries," and "wearing apparel," also what is meant in the books by "necessaries."

In bankruptcy.

HAMMOND, District Judge. By agreement between the assignee and the bankrupts, the question is submitted for the opinion of the court, as if on certificate of the register, whether or not the refusal of the assignee to allow them each his gold watch as exempt property, is proper under the circumstances set out in the agreement of facts. John Steele has been allowed, and claims no exemption except this watch, which is described as "a plain, old style, single case gold watch, which he has owned for twenty-five years or more, and which would scarcely sell for twenty-five dollars." R. L. Steele has been allowed household furniture worth not more than one hundred dollars. The kind and value of his watch is not stated.

The decisions on this subject are conflicting. I have examined a good many cases on the general subject, and find that the conflict grows out of the diverse views as to whether the particular articles claimed are necessaries or luxuries, useful or only ornamental. It is said in Montague v. Richardson, 24 Conn. 338, that each case must depend upon its own peculiar circumstances. I think this is a correct view, and that in some cases the assignee may and should allow a watch or other time-piece, and in others he should not. These parties were a firm of merchants, and their valuable assets had been surrendered to their creditors. They proposed to engage again in commercial pursuits. It was held in Harrison v. Mitchell, 13 La. Ann. 260, that a desk and iron safe were exempt as necessary implements, to carry on the business of a commercial man.

It would not be doing any great violence to the meaning of the term "wearing apparel," as used in the bankrupt act, to include in it a gold watch of moderate value. The definition of the word "apparel," as given by lexicographers, is not confined to clothing; the idea of ornamentation seems to be a rather prominent element in the word, and it is not improper to say that a man "wears" a watch or "wears" a cane. The exemption law of Arkansas says that "wearing apparel shall be exempt, except watches." Ark. Dig. 503, 504; James, Bankr. 58; Avery & H. Bankr. 68. In Peverly v. Sayles, 10 N. H. 356, under a statute which exempted "wearing apparel necessary for immediate use," it was held that an overcoat and a suit of clothes "to go to meeting in" were included. In Ordway v. Wilbur, 16 Me. 263, cloth sent to a tailor to be made into clothes was in that form held to be exempt as "apparel."

In Bumpus v. Maynard, 38 Barb. 626, the debtor was in bed—his clothes were on a chair, and his watch on a table. The officer was sued for refusing to levy on them, and it was held that they were exempt as "wearing apparel," notwithstanding they were not on the person. There are some expressions in the case which indicate that possibly the court did not intend to include the watch as "wearing apparel," but it is probable they did. It was decided in Smith v. Rogers, 16 Ga. 479, that a watch was not wearing apparel. But in Mack v. Parks, 8 Gray, 517, it was held, in a case where an officer with an attachment asked the debtor to let him look at his watch, and being permitted tore it from his person by breaking the cord to which it was attached, that the watch was exempt from seizure at common law, because by that law wearing apparel on the person was exempt from levy or distraint. See Freem. Ex'ns, § 232.

We, have no state statute in Tennessee, that I can find, exempting wearing apparel, and we depend on this common law principle for immunity in such cases. It is said in Richardson v. Duncan, 2 Heisk. 220, that our exemption laws are to be liberally construed, and this is the universal doctrine of modern times. In that case it was held that an "ass" is included in the statute which exempts "a horse, mule, or yoke of oxen;" and in Webb v. Brandon, 4 Heisk. 285, an ox-wagon is included in the description—"one two-horse wagon." But whether a watch may be included in the statutory exemption of "wearing apparel" or not, it certainly may be allowed as "other necessaries" under certain circumstances.

The act (Rev. St. 5045) says: "There shall be excepted from the operation of the conveyance the necessary household and kitchen

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

furniture, and such other articles and necessaries of the bankrupt as the assignee shall designate and set apart, having reference in the amount to the family, condition, and circumstances of the bankrupt, but altogether not to exceed in value, in any case, the sum of five hundred dollars." Under this clause the late Judge McDonald, of the district of Indiana, held in Re Thiell [Case No. 13,882] that a cheap watch might be included, but the same learned judge held in Re Cobb [Id. 2,920] that mere articles of luxury and ornament, such as watches, pianos, and the like, should not be allowed. In Re Graham [Id. 5,660], Hopkins, J., refused to allow watches. Some other cases, cited in the district courts, where the identical question has been considered, have not been accessible for examination; but I presume, as in these cases, they all turn on the question whether or not the particular watch, under the circumstances, was an article of necessity only, or an article of luxurious ornament, in which too much money had been invested to allow it in justice to the creditors. It will be found in all the cases where the law does not exempt the article itself, when value is immaterial, that this question of the reasonable or unreasonable value of it controls the case. The question is to be determined not solely by an appraisement of the particular article, but also by the attendant circumstances, or, as this statute puts it, "having reference in the amount to the family, condition, and circumstances of the bankrupt." The assignee is to determine the question, not by mere arbitrary choice on his part, but by the exercise of a sound legal discretion, subject to the final decision of the court, in the exercise of its supervising power. In re Feely [Id. 4,714]; In re Thiell [supra].

The phrase "other articles and necessaries" is a comprehensive but indefinite expression, and I have been at pains to discover the principle that is to direct the assignee and the court in the exercise of the discretion. This act is framed like other exemption acts, and doubtless, with full knowledge of the adjudications of the state courts under similar statutes. In Leavitt v. Metcalf, 2 Vt. 342, the statute exempted "such suitable apparel, bedding, etc., and articles of household furniture as may be necessary for upholding life." It was held that "one brass timepiece" was included, and the court say there were two former decisions exempting the "debtors' only time-pieces," but they are not cited. "It must be admitted," say the court, "that there is a great convenience in a family having some means of keeping time, even in health, but more especially in sickness. We do not pretend that a time-piece is absolutely necessary for subsistence, and also many other articles that have always been considered exempt under this statute. The word 'necessary,' or 'necessaries' has ever been considered, in legal language, to extend to things of convenience and comfort, and to things suitable to the situation of the person in society, and is not confined to things absolutely necessary for mere subsistence." An instructive case is that of Hitchcock v. Holmes, 43 Conn. 528, where it is said we may "pass beyond what is strictly indispensable, and include articles which, to the common understanding, suggest ideas of comfort and convenience. But having done this, the obligation is upon us to exclude all superfluities and articles of luxury and ornament." Certain expensive furniture, including a costly clock, were, therefore, excluded; but a dissenting judge thought the clock should have been allowed. A piano was thought to be a luxury, because "it is not an article of mere comfort, and does not minister to a want universally felt." Dunlap v. Edgerton, 30 Vt. 224. In Garrett v. Patchin, 29 Vt. 248, it was said the term "necessaries" means that which is convenient or useful—which a man procures for his own personal use, unless extravagant. And see Montague v. Richardson, 24 Conn. 338, which cites McCullough v. Maryland, 4 Wheat. [17 U. S.] 316; Davlin v. Stone, 4 Cush. 359, which says, "the articles may be of that plain and cheap character which, while not indispensable, are to be regarded amongst the necessaries of life, as contradistinguished from luxuries." See, also, Willson v. Ellis, 1 Denio, 462, and In re Thornton [Case No. 13,994]. Guided by these humane and liberal principles of construction, I should say that to a commercial man a plain, and not extravagantly costly watch, such as this bankrupt owns, is, in the quaint language of the Vermont statute, "necessary for upholding life." The watch of John Steele should be allowed. As to the other I cannot determine, its value not being stated. If the parties cannot agree, they may have leave to make further application in the matter.

This case is inserted because of the discussion of exemptions in general. The learning on the subject is fully gone into, and may afford aid in the examination of questions arising under state laws.