CHARLES S. DAVIDSON *vs.* MICHAEL E. HANNON ET AL.

First Judicial District, Hartford, January Term, 1896. ANDREWS, C. J.,
    TORRANCE, FENN, BALDWIN AND HAMERSLEY, JS.

A photographic lens owned and used by a photographer in his business,
    is an " implement of his trade " within the meaning of that expression
    as used in § 1164 of the General Statutes; and as such is exempt from
    attachment and execution.

[Argued January 15th—decided February 21st, 1896.]

ACTION of replevin, brought to the Court of Common
Pleas in Hartford County and tried to the court, *Calhoun, J.;*
facts found and judgment rendered for the defendants, and
appeal by the plaintiff for alleged errors in the rulings of
the court. *Error, judgment reversed.*

The case is sufficiently stated in the opinion.

*Lucius F. Robinson,* for the appellant (plaintiff).

The photographic lens was exempt from attachment and
execution, as a tool of the debtor's trade. *Atwood* v. *De-
Forest,* 19 Conn., 513; *Seeley* v. *Gwillim,* 40 id., 106; *Patten*
v. *Smith,* 4 id., 450; *Watson* v. *Elliott,* 7 Gray, 70; *Howard* v.
*Williams,* 19 Mass., 80; *Wallace* v. *Bartlett,* 108 id., 52; *Bar-
ker* v. *Willis,* 123 id., 194; *Goddard* v. *Chaffee,* 84 id., 395;
*Maxon* v. *Perratt,* 17 Mich., 352; *Robinson's Case,* 3 Abbott's
Pr., 466; *Allen* v. *Thompson,* 45 Ver., 472; *Amend* v. *Mur-
phy,* 69 Ill., 337. The court will give a liberal construction
to such an exemption, which is based upon considerations
of public policy and humanity. *Montague* v. *Richardson,*
24 Conn., 338; *Hitchcock* v. *Holmes,* 43 id., 528; *Price* v.
*The Society for Savings,* 64 id., 362; 7 Amer. & Eng. Ency. of
Law, 130, 137, and citations; Freeman on Executions, § 226.

*Arthur Perkins,* for the appellees (defendants).

The photographic lens was not an "implement of the
debtor's trade," within the meaning of § 1164 of the General
Statutes, and consequently was not exempt from attachment.

*Patten* v. *Smith*, 4 Conn., 450; *Atwood* v. *DeForest* 19 id., 513; *Seeley* v. *Gwillim*, 40 id., 106; *Enscoe* v. *Dunn*, 44 id., 93; *Wallace* v. *Bartlett*, 108 Mass., 52; *Story* v. *Walker*, 11 Lea, 515. The cases relied on to establish the rule of liberal construction are those relating to that portion of the statute that exempts " necessary apparel and bedding, and household furniture necessary for supporting life," such as *Montague* v. *Richardson*, 24 Conn., 338; *Weed* v. *Dayton*, 40 id., 106, and others. In these cases the court says that too strict a construction should not be given *as to the articles* intended to be covered by the statute.

FENN, J. This is an action of replevin to recover property attached. The only question necessary for us to decide upon this appeal is, whether the court below erred in holding such property was not exempt from attachment and execution, under that clause of General Statutes, § 1164, which exempts " implements of the debtor's trade."

The property in question is a photographic lens. It belonged to one Peters, for whose debt it was attached. He was a photographer, with a place of business in Hartford. He had mortgaged his photographic apparatus and materials, including this lens, to the plaintiff. This mortgage was duly recorded. The plaintiff never had, before the attachment, the possession of said lens, nor the right to the possession of it, except as such mortgagee. Sometime after said mortgage and before said attachment, said Peters gave up his place of business and stored his photographic apparatus at his residence in Hartford. He there fitted up a room in his barn for the purpose, and continued up to the time of the attachment to take photographs for friends and neighbors for pay, when the opportunity offered. A lens similar to the one in question, was a useful and necessary implement to Peters in his photographic work.

The statute in question is ancient, though it has been varied somewhat from time to time, both in form and in substance. Several of its provisions have come before this court for consideration, and generally, it may be said, that in the

decisions a liberal construction in favor of the debtor has been adopted. A single reference will be sufficient to illustrate this, as shown in cases referring to other clauses than the one now before us.

In *Hitchcock* v. *Holmes*, 43 Conn., 528, the words "household furniture necessary for supporting life," were construed. It was said: "No fixed or precise definition can be given to the word *necessary* as used in the statute; the facts in each case must control its interpretation. Of course it was susceptible of being confined within very narrow limits; for we know, as a matter of fact, that many families exist, although they are enabled to use very few of the articles to be found in an ordinary household, and these in their rudest forms. But a proper regard for plain legislative intent requires us to use it in a broader, more liberal and more humane sense; to pass beyond what is strictly indispensable, and include articles which to the common understanding suggest ideas of comfort and convenience."

The cases in this State which more directly relate to the clause of the statute now in question, are *Patten* v. *Smith*, 4 Conn., 450; *Atwood* v. *DeForest*, 19 id., 513; *Seeley* v. *Gwillim*, 40 id., 106, and *Enscoe* v. *Dunn*, 44 id., 93. We will briefly refer to each. In *Patten* v. *Smith*, *supra*, the question was as to the meaning of the word "tools," in the phrase then used in the statute, "necessary apparel, bedding, *tools*, arms or implements of his household, necessary for upholding his life." It was held that an apparatus for printing, consisting of a printing-press, cases, types, etc., might be *tools* within the meaning of that statute. The court said that printing was unquestionably a mechanical employment; that the statute concerned the public good, which had a deep interest in the prosperity of mechanical employments, and should be construed liberally; that in relation to the natural description of the goods, of which an exemption is demanded, the exposition of the law ought to be liberal.

In *Atwood* v. *DeForest*, *supra*, the words now under consideration, "implements of the debtor's trade," which had been inserted into the statute in 1821 and have since con-

tinued there, were construed. The question in that case was whether the debtor was a mechanic or a manufacturer; whether the articles claimed to be exempt were tools, or machinery. The work carried on was that of making spectacles. It was held that the articles employed were not exempt ; not because spectacle making was not mechanical, not a trade, but because the facts showed the parties were manufacturers, and " that they were not spectacle-makers within the meaning of the statute." The court in defining *trade*, said : " By the word *trade*, as used in this statute, we suppose is meant *the business of a mechanic*, strictly speaking ; as the business of a carpenter, blacksmith, silversmith, printer, or the like ; and that it was not intended to include the business of a manufacturer, any more than it was intended to extend to the business of a merchant or farmer." It is evident that the court did not intend by the use of such language as we have quoted—especially when used for the purpose and in the connection in which it appears—to give a strict or narrow meaning to the word " mechanic," but only to show that distinction to which we have referred and upon which the decision rests. Concerning this the court adds : " If it be said, that the distinction between a mechanic and a manufacturer, is not as precise as is desirable ; and that there is difficulty in determining to which class certain individuals belong ; especially, in cases where men are engaged in both the business of a mechanic, as well as that of a manufacturer ; the answer is, the difficulty is not in the distinction itself ; that seems to be precise enough ; but it is in the application of the distinction to particular facts ; and that is a difficulty common to the application of most of the rules of law ; and in doubtful cases, it can only be solved, by the finding of a jury."

In *Seeley* v. *Gwillim, supra*, a similar question as to the distinction between a mechanic and a manufacturer, between machinery and tools, arose. In that case it appeared that a debtor carried on the business of book-binding and manufacturing blank-books, working himself and employing four hands. Certain of the articles were held to be exempt, and

others not. The rule applied is thus stated: "His" (the debtor) "being a manufacturer does not prevent the statute from operating to exempt the implements of his trade, so far as they are used by him in person. On the other hand, the fact that he is carrying on a trade will not extend the provisions of the statute to articles employed by him as a manufacturer merely."

In *Enscoe* v. *Dunn, supra*, it was held that the horses and carts of a person engaged in the business of carting coal, are not protected from attachment as tools of a debtor's trade. This, it was stated, could not "be said to be the 'business of a mechanic,' either by definitions from the books, or by the common understanding and speech of men." Surely this, as it seems to us, is evident enough.

The rules adopted, the principles established, by the cases in the construction of this statute, are binding upon us at the present time. The fact that the language in question has continued unchanged in the statute for three quarters of a century, indicates conclusively that such language, so liberally construed as it has been by the courts, declares the public policy of the State in relation to the matter. If this be doubted, the remedy of those who thus question lies in an appeal to that body which enacted, and has been content to continue, the law. We think that to such vocations as those of carpenter, blacksmith, silversmith, printer, book-binder, spectacle-maker, which have been recognized and declared by this court to be trades—so clearly so as not to require the statement of any reason or explanation why —there is no reason why the vocation of a photographer, carried on as it was by Peters, as stated in the finding, should not be added. Certainly he was not a manufacturer, as that word has been defined by this court. If his business, carried on in any possible way, could be held to be a trade, we think it should be so held upon the facts before us. He depended, in the conduct of his craft, upon the labor of his hands. It does not appear, nor, taking judicial notice of matters in the realm of common observation and knowledge, are we led to think that he required for his work either a

liberal or an extensive education. In all probability some at least, and perhaps all, of the other vocations referred to above as recognized trades, would require more special knowledge, apprenticeship, and training, for their successful exercise, than this work of photography as ordinarily carried on, and presumably in this case. We conclude, therefore, that the court below erred in holding the article in question was not exempt.

There is error in the judgment complained of, and it is reversed.

In this opinion the other judges concurred; except HAM-ERSLEY, J., who dissented.

