## Case No. 2,919.

### COBANKS v. The ROSLYN.

[The case reported under above title in 23 Int. Rev. Rec. 176, is the same as Case No. 12,068.]

## Case No. 2,920.

### In re COBB.

[1 N. B. R. (1868) 414 (Quarto, 106);[1] 1 Am. Law T. Rep. Bankr. 59.]

#### District Court, D. Indiana.

BANKRUPTCY—EXEMPTION—"HEAD OF FAMILY."

1. Section 14 of the bankrupt act [of 1867 (14 Stat. 522; Rev. St. § 5045)] must be so construed that over and above the necessary household and kitchen furniture, the assignee may, in his discretion, exempt, in favor of the bankrupt, "such other articles and necessaries" as he may think right, so that such exemption, together with the household and kitchen furniture allowed to be retained by him, shall not exceed $500.

2. The fact that the wife may have, as her separate property, household and kitchen furniture in use in the house in which the bankrupt resides, can make no difference as to the amount of exempt property to be allowed him.

3. The bankrupt is also entitled to retain $300 worth of real or personal property as the exemption allowed by the state where he resides.

4. The assignee must select the property to be exempt under the bankrupt law, and should refuse to set apart mere articles of luxury, as gold watches or pianos, &c.

[Cited in Re Steele, Case No. 13,346.]

5. The bankrupt may select the property exempt under the state law, and it is for him to choose or reject articles of mere luxury.

[6. Cited in Re Taylor, Case No. 13,775, to the point that, to constitute a head of a family, it is not essential that a man shall have either a wife or child; it is enough if his household consist of hired servants.]

In the course of proceedings in this case, the question arose upon the setting apart, by the assignee, property under the exemption clause of the bankrupt law, and came before the judge for his decision.

McDONALD, District Judge. In June last, Van Buren Cobb, of Morgan county, Indi-

---

[1] [Reprinted from 1 N. B. R. 414 (Quarto, 106), by permission.]

ana, was declared a bankrupt by this court. The matter was then referred to the proper register; and subsequently, at a meeting of his creditors, William B. Taylor was appointed his assignee. Under the 14th section of the bankrupt act, the assignee set apart to Cobb certain property, as being exempted from the provisions of that act. Cobb had other property which he claimed as being also exempted; but the assignee disallowed his claim. To this ruling of the assignee the bankrupt excepted, and the exception thus taken is now before this court for decision. The ruling of the assignee was substantially as follows: "I allow you to retain, as exempt from the provisions of the 14th section of the act, and also in connection therewith, and under and by virtue of an act of the legislature of the state of Indiana, to exempt property from sale in certain cases, the sum of $300. I allow you the necessary provision on hand, amounting to $51.50, as shown by the appraisement. I refuse to allow you to retain any more property of any description whatever, for the following reasons, to wit: 1. Because your wife is owner in fee of 80 acres of land in this (Morgan) county, of the value of $1,000. Also, she is the owner of a house and lot—your residence—in Martinsville, in said county, of the value of $2,000. Also, she is the owner of parlor furniture in your house of the value of $123; one bed and bedding, $40; one set of queen's ware, $7; one old bureau, table, &c. $10; to which add value of real estate, $1,000. Total, $3,180. 2. Because, in my opinion, your condition, under these circumstances, is much better than that of a number of your creditors." By the record it appears that the $300 allowed by the assignee to Cobb, was allowed under the state law, and consisted of a title bond for the conveyance of certain real estate. The record also shows that all the other property of the bankrupt turned over to the assignees was of the value of $267, including household and kitchen furniture appraised at $175. The record also shows that the bankrupt is a householder in this state; and that his family consists of a wife and three small children. Whether, under these circumstances, and on a fair construction of the 14th section of the bankrupt act, the decision of the assignee was right, is the question before the court. The provisions of the section in question, so far as they touch the points under consideration, are as follows: "That there shall be exempted from the operation of the provisions of this section, the necessary household and kitchen furniture, and such other articles and necessaries of such bankrupt as the assignee shall designate and set apart, having reference in the amount to the family, condition, and circumstances of the bankrupt, but altogether not to exceed in value, in any case, the sum of $500; and also the wearing apparel of such bankrupt, and that of his wife and children,

and the uniform, arms, and equipments of any person who is or has been a soldier in the militia or in the service of the United States; and such other property as now is, or hereafter shall be, exempted from attachment or seizure, or levy on execution, by the laws of the United States, and such other property not included in the foregoing exemption as is exempted from levy and sale upon execution, or other process or order of any court, by the laws of the state in which the bankrupt has his domicil, at the time of the commencement of the proceedings in bankruptcy, to an amount not exceeding that allowed by such state exemption laws in force in the year 1864."

As, in almost every case of bankruptcy, question must arise on the meaning of the language above quoted, I venture to lay down the following rules for the guidance of assignees: First. Every bankrupt, who is a householder in this state is absolutely entitled to have his necessary household and kitchen furniture exempted from the operation of the bankrupt act, to any amount not exceeding $500. It is true that, under this rule, the furniture so exempted must be "necessary" household and kitchen furniture. It cannot be necessary, in the sense of the law, unless the bankrupt is a householder—the head of a family. It is not important to this purpose that he should have a wife or children; his household may consist of a servant or servants, or any person residing with him or under his control. And, in any such case the assignee must, in the first instance, judge and decide what particular articles are "necessary" and what are not. The act evidently intends that every bankrupt householder shall be permitted to retain as much household kitchen furniture as may be reasonably necessary to enable him to keep house in a plain and convenient manner, provided that the value of the whole shall not exceed $500. And I suppose that, in such case, the fact that the wife may have, as her separate property, household and kitchen furniture in use in the house in which the bankrupt resides, can make no difference. By the statutes of Indiana, such separate property does not belong to him; he has no right to its possession or control; and she may, at any moment, and against her husband's will, remove and dispose of it. Now it is not to be believed that the bankrupt act ever intended to make a bankrupt dependent on his wife for the necessary means of keeping house. I think, therefore, that in this case, the assignee erred in refusing to the bankrupt his necessary household and kitchen furniture, because his wife was the owner of some real estate and of $180 worth of household property. But, even if the wife's household effects ought to have been considered by the assignee, still I think he erred in refusing to allow the bankrupt to retain any portion of his necessary household and kitchen furniture. The whole of it amounted only to $175. The wife's prop-

erty in the house was of little value,—parlor furniture, worth $123; a bed and bedding, worth $40; a set of queen's ware, worth $7; an old bureau and table, worth $10,—that is all. A court may, I think, very well take official notice that these articles did not compose all the "necessary" to enable a man to keep house with a wife and three young children. If to this the assignee had added the $175 worth of furniture belonging to the bankrupt, it would together only have amounted to $355 worth of household and kitchen furniture—surely little enough for the necessary furniture in the house of such a family. And if to all this we add the $51.-50, allowed by the assignee as "provision," the whole would amount to no more than $406.50—$93.50 less than the act contemplates as exempt. Second. The act must be so construed, that over and above the necessary household and kitchen furniture, the assignee may, in his discretion, exempt in favor of the bankrupt, "such other articles and necessaries" as he may think right, so that such exemption, together with the household and kitchen furniture allowed to be retained by him, shall not exceed $500. But, under this rule, the assignee must, in the language of the act, "have reference in the amount to the family, condition, and circumstances of the bankrupt." In relation to "such other articles and necessaries" as fall within this rule, the assignee has a discretionary power; but in no other case arising under the 14th section of the act. And even here his discretion must be a sound, legal discretion. He should look to the policy and spirit of the law; and, in my opinion, he should in no case allow the bankrupt, under the words, "such other articles and necessaries," anything of mere luxury or ornament. Gold watches, pianos, and the like, for example, I think are not embraced in the discretionary powers of the assignee.

In the case under consideration, the assignee did, in the exercise of this discretionary power, permit the bankrupt to retain "provisions" of the value of $51.50. In this he did right. And under the last rule announced, he committed no error. Third. Every bankrupt who is a householder in this state, is absolutely entitled, over and above the exemptions already noticed, to retain, free from all claims in favor of creditors, property either personal or real, to the value of $300. This right arises from the provision in the 14th section of the bankrupt act, which excepts from its operation such property as by state laws may be exempted from levy and sale on execution. The act of the legislature of Indiana on this subject provides: "That an amount of property not exceeding in value $300, owned by any resident householder, shall not be liable to sale on execution or any other final process from a court for any debt growing out of, or founded on, any contract, express or implied." 2 Gavin & H. St. 368. Under this provision of our state law, thus made a part of the bankrupt act, every bankrupt householder is absolutely entitled to retain property to the value of $300, and he may select any property to that amount, whether it be real or personal, and whether it be articles of mere luxury and ornament, or such as are useful and necessary to the comfortable subsistence of himself and family. In this case, I do not enter into an inquiry whether this provision of the bankrupt act embodying state exemption laws is unconstitutional as not giving a "uniform law on the subject of bankruptcies throughout the United States," as required by the eighth section of the first article of the federal constitution. This may become a grave question for the court. But as it has not been urged in the present case, I give no opinion concerning it. In the case at bar, it appears that under the provision of the bankrupt act adopting the state law, the assignee has set apart to the bankrupt property of the value of $300. So far as this matter is concerned, therefore, I decide that he has committed no error. Upon the whole, the only error committed by the assignee, is his refusal to turn over to the bankrupt his $175 worth of household and kitchen furniture. As to this point only, his decision is reversed; and he is ordered forthwith to deliver to the bankrupt that furniture.