Statement of the case.

69 300
82 362

No. 2318.

## ALSUP & THOMPSON *v.* SARAH E. JORDAN.

1. PRACTICE—EVIDENCE.—Evidence improperly excluded from the jury can afford no ground for the reversal of the judgment, if, from an examination of the entire case, it is manifest that it could not have affected the verdict if it had been admitted.

2. OFFICER—DIVORCE.—A decree of divorce is not invalidated because rendered by a special district judge who, at the time the trial began, was the county judge of the county. Even if he be such an officer as is forbidden under the Constitution to hold another office, the acceptance and discharge of the duties of another office would operate an abandonment of the office to which he had formerly qualified.

3. LIMITATION.—Limitation will not run during marriage against the right of the wife to recover damages for the wrongful seizure and forced sale of her property, protected from forced sale by statute. The fact that the right of a married woman to maintain such an action has been recognized by the courts, when necessary to enable her to protect herself against the action of her husband and others, affords no reason that she should be denied the benefit of a statute which permits her to sue after the marriage relation has been dissolved.

4. PROPERTY EXEMPT FROM FORCED SALE.—The statute exempting from forced sale "all household and kitchen furniture" embraces all necessary convenient or ornamental articles with which a household is equipped, and may include a piano used for the instruction of children in music. The Legislature did not intend to limit the exemption to such articles as are mere necessaries to a family.

5. ARTICLES EXEMPT FROM FORCED SALE.—The existing statute places no limit on the value of the household and kitchen furniture which it declares shall be exempt from forced sale; former statutes did.

6. CASES REVIEWED AND DISTINGUISHED.—Farmer v. Billings, 18 Wisconsin, 175, reviewed and distinguished.

7. EXEMPTIONS FROM FORCED SALE.—In determining the extent of statutory exemptions from forced sale, the plain duty of the courts is to enforce the legislative intention, as manifested by the letter and spirit of the law. Whether the exemptions extend too far must be determined by the Legislature.

APPEAL from Panola. Tried below before H. L. Stone, Esq., Special Judge.

The opinion states the case. The verdict was one hundred and thirty-two dollars and eighty-eight cents actual damages and one hundred dollars vindictive damages.

*Drury Field* and *R. L. Hightower*, for appellants: The court erred in refusing to give special charge asked by defendants— to the jury—to the effect, that if they believed from the evidence, that at the time of the seizure and sale of the property herein sued for, a suit was pending between plaintiff and A. J. Jordan for divorce, and that previous to said seizure and sale, an injunction had been obtained by Mrs. S. E. Jordan, restraining and prohibiting A. J. Jordan from the possession, management, control, or disposition thereof, and giving to her the control, management and disposition thereof, and that said injunction was in force at the time of said seizure and sale, and that more than two years had elapsed from the time of said seizure, to the time of the commencement of this suit, then they should find for defendants. (Revised Statutes, art. 3203; Castner v. Walrod, 83 Illinois, 171; 25 American Reports, 369.)

The court erred in charging the jury: "That if they believed from the evidence that the piano was used by plaintiff as part of the furniture of her house, and for the purpose of teaching her children music thereon, then in law said piano would constitute part of her household and kitchen furniture and would be exempt from forced sale;" and in further instructing the jury: "That the word 'furniture' includes a supply of necessary, convenient, or ornamental articles for a residence." (Revised Statutes, art. 2335, subdivision 2; Thompson on Homestead and Exemptions, secs. 794, 798; Tanner v. Billings, 18 Wisconsin, 163; Dunlap v. Edgerton, 30 Vermont, 224; Weed v. Dayton, 40 Connecticut, 293; Hitchcock v. Holmes, 43 Connecticut, 528; Towns v. Pratt, 33 New Hampshire, 345; 24 Connecticut, 338.)

No briefs for appellee have reached the Reporter.

STAYTON, ASSOCIATE JUSTICE.  The appellee brought a suit for divorce against her husband, A. J. Jordan, in April, 1882, and obtained an injunction restraning her husband from selling the property which belonged to them, and from interfering with her managment and possession of the homestead and other property.  She was also given the control of their five children during the pendency of the suit.  On February 5, 1883, an order was made authorizing the appellee to sell all the personal property belonging to herself and husband to raise means to support

herself and children.   A decree of divorce was granted on September 13, 1884.

On January 29, 1883, the appellants obtained a judgment in a justices's court against A. J. Jordan, on which an execution issued February 10, 1883, and this was levied on a cow and two year old heifer, the only cattle owned by Jordan and wife, and also upon a piano owned by them.   This property was sold under execution, and this action was brought by Mrs. Jordan to recover damages, actual and exemplary, on account of the sale of this property, which is alleged to have been exempted from forced sale.

The petition alleges that the property was exempt from forced sale, and charges that the appellants, knowing of this, and of the pendency of the suit for divorce and the orders made therein, against the protest of appellee, maliciously, and with intent to injure, vex, harrass and distress her, caused the same to be seized and sold under their execution.   There was a verdict and judgment against the appellants for damages, actual and exemplary.

There is no complaint of the charge of the court, except that it informed the jury that the piano was exempt from forced sale if it was used by the plaintiff, or by her and her husband, as a part of the furniture of their home.   In this connection the court instructed the jury "that the word 'furniture' includes a supply of necessary, convenient or ornamental articles for a residence, and for the purpose of teaching their said children music thereon."   There is no assignment of error presented which questions the sufficiency of the evidence to sustain the verdict, and it must therefore be assumed that the appellants concede the sufficiency of the evidence to authorize the jury to find that the material averments of the petition were proved.

"The defendants offered to prove by Henry Field, Esq., that he, as the legal adviser and attorney for defendants, went to J. G. Hazlewood, one of the attorneys of record for S. E. Jordan in the suit for divorce against her husband, A. J. Jordan, and inquired of said Hazlewood why he did not stop the sale of the property, the sale of which is complained of in this cause, to wit, the cow and yearling and piano, and that Hazlewood replied that we don't want the old property, and that this conversation was after the levy on said property was made, and before the sale, and that said witness communicated said statement of J. G. Hazlewood to S. A. Alsop, one of the defendants, before

the sale of the property." This evidence was objected to, on the ground that it was immaterial, and did not bind plaintiff, and the objection was sustained.

Whether Hazelwood had authority to make such a statement or not would be important on the question of the right of appellee to recover actual damages; but, if he had not authority to bind appellee, it may be true that his connection with her business was such as would have made his statement admissible when shown to have been communicated to the appellants before the sale, for the purpose of illustrating the animus of the appellants in causing the property to be sold. However this may be, the uncontroverted evidence shows that, before the sale was made, the appellants were fully advised of the fact that Mrs. Jordan was unwilling that the property should be sold, when, if the testimony had been admitted, it could not have influenced the verdict. The testimony of the witness would tend to show that he, as the legal adviser of appellants, was of the opinion that the property was not subject to forced sale, and the inference is very strong that the inquiry made by him was for their benefit. If so, they ought not to have relied upon the statement of any one not known to have authority from Mrs. Jordan to speak for her. If it were erroneous to exclude the evidence, no injury could have resulted from this, for with full knowledge of the opposition of Mrs. Jordan to the sale, the appellants caused it to be made. They also had actual knowledge of the proceedings in the divorce suit, the legal effect of which we will not consider on this appeal.

The decree divorcing Mrs. Jordan from her husband, was objected to on the ground that the special judge who tried the case, was county judge of Harrison county. If a special judge, within the meaning of the Constitution, be such an officer as is forbidden to hold another office, then the acceptance and exercise of this office would operate an abandonment of the office to which he had formerly qualified, and the act of the special judge would be valid. (State v. Brinkerhoff, 66 Texas, 46.) We do not wish, however, to be understood to hold that a special judge is such an officer as is forbidden by the Constitution to hold another office, for that question is not involved in this case.

This action was brought on September 29, 1885, and the appellants asked the court to instruct the jury, in effect, that under the facts in this case, the statutes of limitation ran against Mrs. Jordan from the time the sale was made. This the court re-

fused.  Mrs. Jordan continued a married woman until September 13, 1884.  The statute provides that "If a person entitled to bring an action other than those mentioned in chapter one of this title, be at the time the cause of action accrues  *  *  *  a married woman, the term of such disability shall not be deemed a portion of the time limited for the commencement of the action, and such person shall have the same time after the removal of her disability that is allowed to others by the provisions of this title."  (Revised Statutes, 3222.)  The fact that the right of married women to maintain action for the protection of exempt property has been recognized by the decisions of this court, in cases in which the exercise of such a power became necessary to protect her against the acts of her husband and others, furnishes no reason why the plain language of the statute shall not be given effect.

If subsequently to the passage of the statute, to which we have referred, the Legislature had expressly empowered wives, situated as was Mrs. Jordan pending the divorce suit, to institute suits such as this, we would not feel authorized to hold that such legislation, by implication, repealed the statute referred to.  There is no such legislation, however.

The special charge referred to in the seventh assignment of error, in so far as it was applicable to the facts of the case, was embraced in the charge given, and no injury could have resulted from the refusal of the court to give it.  The evidence of the appellants themselves would have forbidden a finding that they did not require the officer to sell the property; for, when he proposed to release it, they threatened him with a suit for damages if he did so.

It is evident that the value of the piano entered into the verdict, and it is urged that the charge of the court in regard to its exemption was erroneous, and that, as matter of law, it was properly subject to forced sale.  The statute provides as follows: "The following property shall be reserved to every family, exempt from attachment or execution, and every other species of forced sale for the payment of debts."  *  *  *  "All household and kitchen furniture."  (Rev. Stat., art. 2335.)  The general definition of "household," when used as a qualifying word, is pertaining or belonging to the house or family, and it is so evidently used in the statute under consideration, the purpose of which is to exempt articles belonging to a family.  And in such a connection the word "furniture" is one of very broad signifi-

cation, and, according to lexicographers, embraces a supply of necessary, convenient or ornamental articles with which a residence is equipped. The statute declares that "the ordinary signification shall be applied to words, except words of art or words connected with a particular trade or subject matter, when they have the signification attached to them by experts in such art or trade, or with reference to such subject matter." (Rev. Stat., art. 3138.)

The charge of the court gave to the words "household furniture" their ordinary signification, and if it went further it was in the direction of restriction, in that it made the article in question, which may be exempt because ornamental, exempt if used for the purpose of instructing the children of the family in music. The words used in the statute are not words of art, nor of trade having a technical meaning, and, when used without some qualifying word, we are of the opinion that there is nothing in the subject matter to which they relate which forbids their being given the signification which the court below gave to them.

Looking to the entire article giving the exemption, it is evident that the Legislature did not intend to limit the exemptions to such things as are necessaries to the family. It exempts "the family library and all family portraits and pictures." This will embrace the entire collection of books belonging to the family, without reference as to whether they are such as convey information necessary in the ordinary affairs of life, or such as merely minister to the pleasure or amusement of the family or some of its member. It also exempts "one carriage or buggy;" vehicles convenient but not necessaries in every family. In the case of Farmer v. Billings (18 Wis., 175), it was held that under the statutes of Wisconsin, exempting property from execution, a piano was not exempt. The statute, it seems, exempted specific articles of household furniture and then used the language "and all other household furniture not herein enumerated, not exceeding two hundred dollars in value."

In construing the statute the court very properly looked to the character of the articles of household furniture specified, and said: "the class of articles mentioned in the statute in immediate connection with this general clause, which are plainly necessary for a family, show that by this clause the Legislature intended to indicate other articles of a like nature. And the limitation of the value to two hundred dollars, which is less than

the usual cost of a piano, shows that these could not have had reference to that instrument."

The statute of this State now in force places no limit on the value of the household and kitchen furniture which it declares shall be exempt, although former statutes did.

In Richardson v. Hall (124 Mass., 237), the words "household furniture," used in a will, were held to embrace bronzes, statuary and pictures, and several English cases are cited which held that these words embraced articles about a home which are only ornamental. The matter of exemption of property from forced sale was deemed by the people of this State so important that they were not content to leave the matter to the discretion of the Legislature, and they therefore placed in the Constitution the provision that "the Legislature shall have power, and it · *shall be its duty* to protect by law from forced sale a certain portion of the personal property of all heads of families, and also of unmarried adults, male and female." (Const., art. 16, sec. 49.)

Whether the exem tions g'ven go further than they ought to, is for the consideration of the Legislature; the courts have no duty or power in suc matters other tnan to enforce such laws as the Legislature mav enact and in arriving at the legislative intention, as shown b⁓ words used, the courts must give to such words the signification tne Legislature has declared it intended them to have. None of the assignments of error presented show any reason wny the judgment should be reversed, and it must be affirmed.

*Affirmed.*

Opinion delivered December 6, 1887.