# Phillips *v.* Phillips.

*Exemption to Widow.*

(Decided June 13, 1907.   44 South. 391.)

*Exemptions; Personalty; Widow and Minor Child.*—Under section 2072, Code 1896, a gold ring valued at twenty dollars, and a watch and chain valued at thirty-five dollars, worn by the decedent, may be set apart as exempt to the widow and minor children, as wearing apparel.   So also may a silver card receiver used on the hat-rack, and a piano used as a means of support by the widow, be exempted to the widow and minor child as household furniture necessary for the use and comfort of the family.

APPEAL from Montgomery Probate Court.
Heard before Hon. J. B. GASTON.

Proceedings by Lula Phillips, a widow, against J. H. Phillips, executor, to have certain property set apart as exempt to her and her minor child from administration and payment of debts.   From a judgment allowing the exemptions, the executor appeals.   Affirmed.

FRED S. BALL, for appellant.—The articles exempted did not come within the purview of section 2072, Code 1896.—18 Cyc. p. 14, et seq.

FRANK W. LULL, JR., and LEE H. WEIL, for appellee.
—Exemption laws are to be liberally construed.—*Webb
v. Edwards,* 46 Ala. 17; *Fern v. Ward,* 65 Ala. 33; *Inzer
v. Hurt,* 76 Ala. 595.   A piano is household furniture.—
*Von Storch v. Winslow,* 13 R. I. 23; *Richardson v. Paul,*
124 Mass. 228; 2 Am. Lew. Reg. (N. S.) 489. The watch
and the ring were wearing apparel.—12 A. & E. Ency.
of Law, 117 and note; 30 Id. 445 and note; *In re Steele,*
2 Flipp. U. S.; 38 L. R. A. 847; *In re Smith,* 96 Fed.
832; *Brown v. Edmunds,* 8 S. Dak. 271; 4 E. D. Smith,
181; 33 C. C. A. 502.

DOWDELL, J.—The articles in question, and which
were set apart and decreed to be exempt to the widow
and minor children under the statute, consisted of a
finger ring, valued at $20, a watch and chain, valued at
$35, a silver card receiver, and a piano and piano stool,
valued at $50.   The question presented for our consid-
eration and determination is whether or not a finger
ring and a watch and chain are, or rather may be, cov-
ered by the terms "wearing apparel," and a silver card
receiver and a piano and piano stool are covered by the
terms "household furniture," as employed in the stat-
ute.   The statute (Code 1896, § 2072) reads as follows:
"In favor of the widow and minor child or children, or
either, of such decedent, there shall also be exempt from
administration and the payment of debts contracted
after the twenty-third day of April, 1873, all the wear-
ing apparel of the decedent, and of the widow and minor
children, all yarn and cloth on hand intended for their
use and consumption, all books kept for use in the fam-
ily, all family portraits and pictures, all grain, stores
and groceries on hand, necessary for the support of the
family for twelve months after the decedent's death, and
all bedding and household and kitchen furntiure, neces-

[Phillips v. Phillips.]

sary for the use and comfort of the family, to be selected by the widow, if there be one, or if there be no widow, or she fail to act, by the guardian of the minor child or children."

In the absence of evidence to the contrary, in order to uphold the judgment of the court below, we will assume that the ring and watch set apart as exempt were worn by the deceased during his lifetime. Whether such articles can be regarded as included in the term "wearing apparel" has been variously decided by the courts of the different states.—12 Am. & Eng. Ency. Law (2d Ed.) p. 117, and notes; 30 Am. & Eng. Ency. Law (2d Ed.) p. 445, and notes. We have no doubt that this apparent want of harmony in the decisions is to some extent, at least, due to a difference in phraseology in the exemption statutes of the various states. In the case of *In re Steele*, 2 Flip. (U. S.) Fed. Cas. No. 13,346, cited in 12 Am. & Eng. Ency. Law, supra, it was said: "It would not be doing any great violence to the term 'wearing apparel,' as used in the bankrupt act, to include in it a gold watch of moderate value. The definition of the word 'apparel,' as given by lexicographers, is not confined to clothing. The idea of ornamentation seems to be a rather prominent element in the word, and it is not improper to say that a man wears a watch or wears a cane." And we may add to this that it is a proper and common expression to say that one wears a ring or a watch. In the case of *Sellers v. Bell*, 36 C. C. A. 502, 94 Fed. 801, the court, construing section 2037 of the Code of Alabama of 1896 which contains the provision as to exemption from levy and sale, "all necessary and proper wearing apparel," held that a watch was embraced within these terms of the statute. It was there said: "The phrase 'wearing apparel,' as used in exemption laws, has its proper sense, and includes all the arti-

34 R

cles of dress generally worn by persons in the calling and condition of life and in the locality of the residence of the person claiming the exemption. It includes whatever is necessary to a decent appearance and protection against exposure to the changes of weather, and also what is reasonably proper and customary in the way of ornament." To the same effect are the following cases: *Neasham v. McNair,* 103 Iowa, 695, 72 N. W. 773, 38 L. R. A. 847, 64 Am. St. Rep. 202; *In re Smith,* (D. C.) 96 Fed. 832; *Brown v. Edmonds,* 8 S. D. 271, 66 N. W. 310, 59 Am. St. Rep. 762; *McCormick v. Hudson River R. R.,* 4 E. D. Smith (N. Y.) 181. See, also, Words and Phrases, vol. 1, p. 440.

It is to be noted that the phrase as employed in the section (section 272) now under consideration as to exemptions in favor of the widow and minor children is broader than in section 2037. In the former the phrase is, "all the wearing apparel of the decedent," while in the latter it is qualified and limited, "all *necessary and proper* wearing apparel." Italics ours. Exemption laws are founded in humanity and benevolence, and in the interpretation of these statutes it has been the rule of the courts to give to them a broad and liberal construction, not, however, such as may be inconsistent with the manifest intention of the lawmakers. According to this rule of construction, and under the above-cited decisions of the courts, we are of the opinion that the ring and watch set apart as exempt to the widow and minor children are embraced in the phrase "all wearing apparel of the decedent," employed in the statute.

This brings us to the question as to whether the "silver card receiver used on hat rack" and the "piano and piano stool," set apart as exempt under the statute, are included in the phrase "household furniture necessary

[Phillips v. Phillips.]

for the use and comfort of the family." No value of the card receiver is stated. The value of the piano and stool is given at $50. As to the card receiver, there can hardly arise a doubt of its coming within the classification of household furniture. It is an article of too common use in the household to admit of question. The question as to the piano being included in the terms "household furniture" is one upon which the courts are divided. In *Vann Storch v. Winslow*, 13 R. I. 23, 43 Am. Rep. 10, it was held that a piano was included in the term "household furniture." In *Alsup v. Jordan*, 69 Tex. 300, 6 S. W. 831, 5 Am. St. Rep. 53, it was ruled that the term "all household and kitchen furniture" may include a piano kept and used for the purpose of instructing the children of the family in music, if the statute places no limit on the value of the household and kitchen furniture which it declares shall be exempt. There are other decision which hold that a piano is not included in the term "household furniture." See Words and Phrases, vol. 4, pp. 3364, 3365. Our statute places no limit of value on the household furniture exempted, but does say "necessary for the use and comfort of the family." There is no evidence in the record for what purpose or what use the piano was kept. We can readily imagine a case of a piano being the means of support by the widowed mother of her minor children. In such a case it would be necessary both for the use and comfort of the family. Applying the rules of liberal construction, we hold that the court below committed no error in overruling the executor's exceptions to the report setting aside the piano as exempt.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.