McCOY v. THOMPSON.

(Court of Civil Appeals of Texas. Dallas. May 27, 1911. Rehearing Denied June 24, 1911.)

1. EXEMPTIONS (§ 42*) — ARTICLES EXEMPT — "HOUSEHOLD AND KITCHEN FURNITURE"— PIANO.

A piano is "household and kitchen furniture" within the exemption statute, when used as furniture in housekeeping.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 49; Dec. Dig. § 42.*

For other definitions, see Words and Phrases, vol. 4, pp. 3361–3365.]

2. EXEMPTIONS (§ 42*)—ARTICLES EXEMPT— PIANO—"HOUSEHOLD AND KITCHEN FURNITURE."

Where a married man abandoned housekeeping, with a view of leaving his residence, and placed his piano in the salesroom of a music dealer for sale, the piano was not exempt from execution as "household and kitchen furniture."

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 49; Dec. Dig. § 42.*]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Suit by G. F. Thompson against J. M. McCoy. From a judgment refusing to dissolve an injunction, defendant appeals. Reversed and cause dismissed.

Cecil L. Simpson and Spence, Knight, Baker & Harris, for appellant. Short & Feild, for appellee.

RAINEY, C. J. J. M. McCoy recovered a judgment against G. F. Thompson for debt. An execution was issued by virtue of said judgment and placed in the hands of the sheriff of Dallas county, which was levied on a piano of Thompson's, who sued out a writ of injunction restraining the sale of said piano under said execution, on the ground that said piano was exempt property; Thompson being the head of a family. McCoy answered under oath and moved a dissolution of said injunction, which motion was overruled, and he appeals.

There is no question raised as to the judgment, execution, and levy being regular, but the sole question is, Was said piano exempt from forced sale under the statute of this state? The pleadings disclose that Thompson was married, but had no children, had kept house, but had abandoned housekeeping with the view of leaving the city, and had placed the piano in the salesrooms of the Jesse French Piano & Organ Company, Dallas, Tex., and caused to be inserted in the Dallas Dispatch, a daily paper published in the city of Dallas, Dallas county, Tex., the following advertisement, to wit: "My beauti-

ful Steinway Baby Grand piano for sale at a bargain. Am leaving town is the reason for selling. $600.00 is the price. The piano can be seen at the Jesse French Piano Company. Mrs. G. Fred Thompson." The piano was in the salesrooms of the said Jesse French Piano & Organ Company when levied on.

[1] It has been held by our Supreme Court that a piano comes within the meaning of "household and kitchen furniture" as contemplated by our statute, when said piano is used as furniture in housekeeping. Alsup v. Jordan, 69 Tex. 300, 6 S. W. 831, 5 Am. St. Rep. 53.

[2] In this instance the piano was not being used as household furniture; the parties were not keeping house; and we think the use of same as a piece of furniture for the house had been abandoned, and therefore it had become subject to the levy and sale under the execution.

In Conner v. Hawkins, 66 Tex. 639, 2 S. W. 520, in treating of exempt property, the court said: "An article is not exempt from execution because it is of that species of property generally used as part of the household furniture of a family. It must be in the actual or constructive use of the owner as such, or destined to be so used by him."

The piano was not being used by the appellee, but being offered for sale, which indicates that it was not intended for further use by him; hence we hold the piano was not exempt from sale, and the court erred in not dissolving the injunction.

The judgment is reversed, and the injunction dissolved, and the cause dismissed.