TORNO v. HOCHSTETLER. (No. 6390.)

(Court of Civil Appeals of Texas. San Antonio. April 28, 1920.)

1. Officers ⚖=30—Constable appointed town marshal cannot execute writs as constable.

Where a legal and duly qualified constable is subsequently appointed town marshal of a legally incorporated town, and has duly qualified and acted as such, his office of constable is vacated, and he cannot thereafter execute writs of execution as constable, in view of Const. art. 16, § 40.

2. Execution ⚖=172(4)—Complaint in suit for injunction held insufficient as failing to show incompetency of levying officer.

In a suit for injunction based on an alleged unlawful execution sale by a constable, who had been subsequently appointed town marshal, a complaint failing to show that such constable had qualified as town marshal, and acted as such, *held* not to state a cause of action; it affirmatively appearing that such constable was acting under the provisions of Vernon's Sayles' Ann. Civ. St. 1914, art. 809a.

Appeal from District Court, San Patricio County; M. A. Childers, Judge.

Suit for injunction by C. J. Torno against J. M. Hochstetler. Judgment for defendant, and plaintiff appeals. Affirmed.

J. A. Jones, of Marlin, and Augustus McCloskey and Taliaferro, Cunningham & Birkhead, all of San Antonio, for appellant.

COBBS, J. In this suit appellee filed a motion to dismiss the appeal upon the ground that appellant filed no brief in the district clerk's office, and did not file his brief here until about eight days prior to the submission of this case, at which time of filing same a copy thereof was furnished to appellee, which was not in time for him to file a reply brief. We will not say whether or not that was in time to brief this case, because the action of the court in sustaining a general demurrer compels us to consider the case as raising a fundamental error. The motion is denied.

The appellee filed no brief, and we are left to consider this case without any assistance from him. We adopt appellant's statement of the case, as follows:

"This was a suit filed by appellant as plaintiff in the district court of the Thirty-Sixth judicial district, San Patricio county, where the appellant herein, complaining of J. M. Hochstetler and W. C. Gentry, alleging in substance that plaintiff (appellant in this suit) filed a suit against defendant, Hochstetler, praying for the rescission of a certain contract alleged to have been made and entered into between plaintiff and this defendant Hochstetler, and for damages, said suit having been filed in the county court of San Patricio county, Texas, and further alleging that on or about the 7th of August, 1917, the said case was partially tried and a judgment entered against plaintiff, but which judgment did not conclude all of the issues in said suit, and further alleging that thereafter said defendant Hochstetler caused an alias execution to be issued out of said county court on the purported judgment aforesaid and placed the same in the hands of the defendant Gentry, the defendant Gentry and defendant Hochstetler being appellees herein; that by virtue of said execution Gentry levied upon and sold a bale of ginned cotton for the sum of one hundred ninety-five and no/100 ($195.00) dollars, said judgment being for the sum of two hundred forty-four dollars and fifty cents ($244.50) and costs; that thereafter on the 9th day of September 1918, at the instance of Hochstetler, Gentry levied upon another bale of ginned cotton, the property of appellant, and advertised the same for sale at public auction; and that the defendants did appropriate the same to their own use and benefit.

"Plaintiff, further alleging that said execution was procured to be issued at the solicitation and request of the said W. C. Gentry, and that he and the said Hochstetler conspired together for willfully, wantonly, and maliciously seizing said cotton and without probable cause or warrant of law, for the purpose of vexing, injuring, and harassing plaintiff, and with full knowledge that said seizures were illegal and unwarranted, but persisted in for the purpose of injuring, vexing, harassing, and humiliating petitioner, and further alleging that said execution under which said cotton was seized was directed to the sheriff or any constable of San Patricio county, Texas, but that same was placed in the hands of the defendant Gentry, who, though he had been elected and qualified, had after his election and qualification accepted appointment as city marshal of the town of Sinton, a town duly and legally incorporated under the laws of the state of Texas, and as such city marshal was regularly paid his salary thereunder, and which he received and retained, and that by his acceptance of such appointment to the duties of city marshal and the performance of the duties thereof he ipso facto forfeited his office of constable of said precinct, and plaintiff prayed for a writ of injunction restraining further proceedings under said judgment and execution.

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Temporary restraining order was granted by the court on the 7th of September, 1918, and bond was given at that time. On September 16th the defendants Gentry and Hochstetler appeared in said suit for the purpose of resisting the granting of injunction, a general demurrer and special exception having been presented to the Court. The Court dissolved such temporary restraining order, refused the injunction, and on the 29th of September sustained the general demurrer and special exceptions, and dismissed the case."

The appellee filed exceptions, general and special, full and complete answer, and pleas of res adjudicata, and alleged it was a collateral attack on a judgment of another court of competent jurisdiction, with proper motion to dismiss the proceedings.

It is not necessary for us to discuss the question appellant raises that the judgment of the county court was not final and that the execution was prematurely issued and levied upon the property. That the judgment was not final did not necessarily render it void. The pleading is very vague on the subject. If the judgment was a valid judgment and final, and the execution issued out of that court, no reason is shown wherein the proceedings were not instituted in that court. It is not definitely pointed out upon what grounds appellant relies for such contention. In this particular the petition is bad.

· Plaintiff further alleged:

"That the said execution under which said cotton was seized was directed to the sheriff or any constable of San Patricio county, Texas, but that the same was placed in the hands of the defendant W. C. Gentry, who, though he had been elected and qualified at the last general election in said county as constable for precinct No. 1, said county, he, after his election and qualification as aforesaid, accepted appointment as city marshal of the town of Sinton, a town duly and legally incorporated under the laws of the state of Texas, as authorized; W. E. Haisley, at the time of said appointment, being the duly elected, qualified, and acting mayor of said town, and —— and —— and —— duly elected and qualified and acting commissioners; and the said W. C. Gentry being appointed to perform the duties of such marshal of the town of Sinton, under article 809a, Vernon's Sayles' Texas Civil Statutes, by special ordinances under said article 809a, and was regularly paid his salary thereunder, which he received and retained; that by his acceptance of such appointment to the duties of city marshal of the town of Sinton, as aforesaid, and the performance of the duties thereof would operate ipso facto as a resignation of the office of constable of precinct No. 1, San Patricio county, Texas, and thus preclude his acting in such capacity to levy said writs of execution, or making sales thereunder, and all such seizures and sales thus made are illegal, null and void, and a trespass against your petitioner."

[1, 2] If the officer who levied the execution in this case, the said Gentry, while being the legal and duly qualified constable, was subsequently appointed town marshal of the legally incorporated town of Sinton, had duly qualified and acted as such, he ceased to be and vacated his office of constable and became the town marshal, an office wholly incompatible with that of constable, and would have no power to execute writs of execution such as was done in this case. See article 16, § 40 of the Constitution by Harris, and cases cited; State v. Brinkerhoff, 66 Tex. 45, 17 S. W. 109; Alsup v. Jordan, 69 Tex. 303, 6 S. W. 831, 5 Am. St. Rep. 53. However, the pleadings fail to allege and show that Gentry qualified and acted as town marshal, but affirmatively show that he was acting under the provisions of article 809a, Vernon's Sayles' Ann. Civ. St. 1914. We do not think the petition states a cause of action, for it does not allege that he accepted the office of town marshal and qualified as such, and undertook to perform the duties of that office.

The judgment of the court is affirmed.