

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 6, 1947

Hon. John C. Marburger           Opinion V-70
County Attorney
Fayette County                   Re: May a person who is the
LaGrange, Texas                      duly qualified and acting
                                     city marshal of an incor-
                                     porated town also be ap-
                                     pointed as deputy sheriff?

Dear Sir:

Your letter of January 30, 1947, in which you requested the opinion of this Department is in part as follows:

"May a person who is the duly qualified and acting city marshal of an incorporated town, who receives compensation from said city for said office, also be appointed and serve as deputy sheriff of the same county in which said city is located and receive compensation from the county for such services as deputy sheriff?"

Section 40 of Article 16 of the State Constitution provides in part that:

"No person shall hold or exercise at the same time more than one civil office of emolument, except that of Justice of the Peace, County Commissioner, Notary Public and Postmaster."

In the case of Irvin vs. State, 177 S.W. 2d 970, the Court had to decide whether or not the same person could be a policeman and special deputy sheriff at the same time and quoted the above Article of the Constitution, and the Court then went on to say:

"The term 'emolument' as used therein means pecuniary proceeds, gain or advantage, 34 Tex. Jur. 349, Sec. 17. The office of policeman of an incorporated city and Deputy Sheriff are not included with the exceptions mentioned in the constitutional provisions." (Underscoring ours)

The Court went on to say:

"(2)  A policeman of an incorporated city is an officer.  McDonald v. City of Dallas, Tex. Civ. App. 69 S.W. 2d 175; Ex parte Preston, 72 Tex. Cr. R. 17, 161 S.W. 115; Yett v. Cook, 116 Tex. 205, 281 N.W. 837; Art. 36, V.A.C.C.P.; so also is a deputy sheriff an Clayton v. State, 21 Tex. App. 343, 17 S.W. 261; Murray v. State, 125 Tex. Cr. R. 252, 67 S.W. 2d 274; and Art. 36, V.A.C.C.P." (Underscoring ours)

Article 36, V.A.C.C.P., provides that:

"The following are 'peace officers': the sheriff and his deputies, constable, the marshal or policeman of an incorporated town or city, the officers, non-commissioned officers and privates of the State ranger force, and any private person especially appointed to execute criminal process."

In the above cited case, the Court had this to say:

"Compensation being authorized by law to be paid for services rendered by policemen and deputies sheriff renders such offices those of emolument, under the provisions of the Constitution mentioned.  Hence the named officers could not at the same time be both policemen and deputies sheriff de jure or de facto."

Article 999, V.A.C.S., prescribes the powers and duties of a city marshal and specifically provides, among other things, as follows:

". . . he shall have like power with the sheriff of the county to execute warrants; . . .  In the prevention and suppression of crime and arrest of offenders, he shall have and execute like power, authority and jurisdiction as the sheriff. . . He shall receive a salary or fees of office, or both, to be fixed by the city council.  The governing body of any city or town having less than three thousand inhabitants according to the preceding Federal census, may by an ordinance, dispense with the office of marshal, and at the same time by such ordinance confer the duties of said office upon any peace officer of the county, but no marshal elected by the people shall be removed from his office under the provisions of this article."

In the case of Torno vs. Hochstetler, 221 S.W. 623, Justice Cobbs had this to say:

"If the officer who levied the execution in this case, the said Gentry, while being the legal and duly qualified constable, was subsequently appointed town marshal of the legally incorporated town of Sinton, had duly qualified and acted as such, he ceased to be and vacated his office of constable and became the town marshal, an office wholly incompatible with that of constable, and would have no power to execute writs of execution such as was done in this case. See article 16, § 40 of the Constitution by Harris, and cases cited; State v. Brinkerhoff, 66 Tex. 45, 17 S.W. 109; Alsup v. Jordan, 69 Tex. 303 6 S.W. 831, 5 Am St. Rep. 53,"

In view of the foregoing provisions of the Constitution, the statutes and the Court decisions of this State, it is the opinion of this Department that the duly qualified and acting city marshal of an incorporated town, who receives compensation from said city for said office, may not also be appointed and serve as deputy sheriff of the same county in which said city is located and receive compensation from the county for such services as deputy sheriff.

## SUMMARY

A person may not legally serve as city marshal of an incorporated town and deputy sheriff of the county at the same time, receiving compensation therefor. Art. 16, Sec. 40 of State Constitution; Torno vs. Hochstetler, 221 S.W. 723; Irvin vs. State, 177 S.W. 2d 970; 34 Tex. Jur. 349.

Very truly yours

APPROVED

s/ Price Daniel

ATTORNEY GENERAL
BA:djm;jrb/cge
Approved Opn.Committee,
  By BWB, Chairman

ATTORNEY GENERAL OF TEXAS

s/ Bruce Allen

By
    Bruce Allen
    Assistant