

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL.

October 29, 1975

The Honorable Eugene Russell
County Attorney
Burnet County
Burnet, Texas 78611

Opinion No. H-727

Re: May a small city pay a deputy
sheriff to perform the duties of a
town marshal .

Dear Mr. Russell:

You advise that the City of Bertram has by ordinance abolished the office of City Marshal and conferred the duties of the office upon a named deputy sheriff of Burnet County and pays that individual a salary in addition to that which he receives from the county. You ask if the deputy may perform, and be paid for performing, the city marshal duties while also receiving pay from Burnet County as a deputy sheriff.

Article 999, V. T. C. S. , provides:

> The marshal of the city shall be ex officio chief of police, and may appoint one or more deputies which appointment shall only be valid upon the approval of the city council. . . . <u>In the prevention and suppression of crime and arrest of offenders, he shall have, possess and execute like power, authority, and jurisdiction as the sheriff.</u> He shall perform such other duties and possess such other powers and authority as the city council may by ordinance require and confer, not inconsistent with the Constitution and laws of this State. The marshal shall give such bond for the faithful performance of his duties as the city council may require. He shall receive a salary or fees of office, or both, to be fixed by the city council. <u>The governing body of any city or town having less than five thousand inhabitants according to the preceding Federal census, may by an ordinance, dispense with the office of marshal, and at the same time by such ordinance confer the duties of said office upon any peace officer of the county,</u> but no marshal elected by the people shall be removed from his office under the provisions of this article. (Emphasis supplied.)

p. 3106

According to the 1970 federal census Bertram is a city of less than 5,000 inhabitants and we assume that its acts abolishing the office of city marshal and conferring duties upon the deputy sheriff were regularly evidenced by formal ordinance. Cf. Attorney General Opinion H-296 (1974).

Nevertheless, we are of the opinion that the doctrine of incompatibility would prevent any active deputy sheriff from assuming the duties of city marshal unless the sheriff has himself assumed such duties and authorized the deputy to act for him in discharging them.

In Attorney General Opinion O-1263 (1939), the office of deputy sheriff was held incompatible with the receipt by the deputy sheriff of a commission as a Special Ranger. It was there said:

> A deputy sheriff is subject to the orders of the sheriff. . . . He necessarily owes his allegiance to the sheriff. . . . A Special Ranger is subject to the orders of the Department of Public Safety and of the Governor. It is easy to contemplate that at times there might be a conflict between these respective departments of government. If the Department of Public Safety should want the Special Ranger to do a certain act in a certain way within the county where he serves as deputy sheriff, and the sheriff should desire it done in a different manner, the authority of the two would conflict.

We think the same analysis could be applied to possible conflicts arising from the authority of the Bertram City Council and the Burnet County sheriff and we thus feel compelled to advise that the two offices would probably be held to be incompatible and could not be held by the same person. Attorney General Opinion H-117 (1973); Letter Advisory No. 65 (1973). See also Attorney General Opinions C-661 (1966) and O-1263 (1939); Letter Advisory No. 114 (1975).

Incompatibility is an impediment different and separate from that which prevents the simultaneous holding of two offices of emolument. The cases of Torno v. Hochstetler, 221 S.W. 623 (Tex. Civ. App. -- San Antonio 1920, no writ) and Irwin v. State, 177 S.W. 2d 970 (Tex. Crim.App. 1944) addressed the latter problem.

Because we answer your question in the negative upon grounds of legal incompatibility, it is unnecessary to discuss article 16, section 40 of the Constitution, as amended in 1972, or other laws.

## SUMMARY

If his principal, the sheriff, has not himself assumed the duties of city marshal pursuant to valid statutory designation, and authorized the deputy to act for him, a deputy sheriff is not statutorily authorized to perform or to be paid for performing the duties of a city marshal.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb