PRATER *v.* RIECHMAN, Sheriff. *

(*Jackson.* April Term, 1916.)

**EXEMPTIONS.   Statutes.   Construction.**

Under Shannon's Code, section 3794, exempting in the hands of
    every male citizen, and every female head of a family, two
    horses or mules, together with wagons, harness, and saddles,
    etc., an automobile is not exempt; it being property entirely
    dissimilar to that exempted and used by a different class of
    citizens from those intended to be protected by the exemption
    statute.

Cases cited and approved:  Cox v. Ballentine, 60 Tenn., 363;
    Wolfenbarger v. Standifer, 35 Tenn., 659;  Hawkins y. Pearce,
    30 Tenn., 44;  Webb v. Brandon, 51 Tenn., 285;  Simons v. Lovell,
    54 Tenn., 510;  Lames v. Armstrong, 162 Iowa, 327.

FROM SHELBY.

Appeal from the Circuit Court of Shelby County to
the Court of Civil Appeals, and by *certiorari* to the
Court of Civil Appeals from the Supreme Court.—J.
P. YOUNG, Judge.

B. F. BOOTH, for plaintiff in error.

CHAS. M. BRYAN, for defendant in error.

MR. JUSTICE BUCHANAN delivered the opinion of the
Court.

Dr. Prater was a practicing physician residing in
Memphis, a married man, and the head of a family.  He

*For authorities on the question of exemption of automobile
from seizure for debt, see note in 49 L. R. A. (N. S.), 691.

owned a two-seated runabout automobile, valued at not less than $100, which he used in calling upon his patients in and out of the city. He also frequently hauled groceries and other small articles in the automobile. He owned no horse or buggy, or other vehicle.

The sheriff, having in hand an execution at law against him, levied the same on the automobile, and Prater brought an action of replevin, claiming the property to be exempt under Shannon's Code, section 3794. The circuit court, and the court of civil appeals, held against the claim of exemption, and Prater now invokes our judgment of the question by his petition for *certiorari*.

By the legislation above referred to, it is declared that there "shall be exempt from execution, seizure, or attachment in the hands of every male citizen of the age of eighteen years and upward, and every female who is the head of a family" (here follow certain articles and provisions which we need not mention), "two horses, or two mules, one horse and mule, or one horse or mule, and one yoke of oxen; one ox-cart, yoke, ring, staple, and log chain; one, two, or one one-horse wagon (not to exceed $75 in value), and harness; one man's saddle; one woman's saddle; two riding bridles."

The public policy underlying our exemption statutes for heads of families is that a creditor should be restrained from having satisfaction of his debt out of certain kinds of property which are necessary to the maintenance of the families of improvident or unfortunate debtors; authorities: *Cox* v. *Ballentine,* 60 Tenn.

(1 Baxt.), 363; *Wolfenbarger* v. *Standifer,* 35 Tenn. (3 Sneed), 659; *Hawkins* v. *Pearce,* 30 Tenn. (11 Humph.), 44; *Webb* v. *Brandon,* 51 Tenn. (4 Heisk.), 285; *Simons* v. *Lovell,* 54 Tenn. (7 Heisk.), 510.

The schedule of exempt articles under section 3794, Shannon's Code, many of which are not mentioned above, embraces such as were, at the time of the legislation, in common use among the class of debtors for whose protection the statute was enacted. The animals and vehicles named in the schedule are such as were usually owned by such debtors and used by them in the work necessary to be done to support their families, and to accomplish such limited transportation of themselves and their families as might be necessary. An automobile, on the other hand, is an invention not in use when the exemption statute was passed, and so of course is not mentioned therein, and was not within the intent of the legislature. The automobile is the product of a civilization advanced much beyond the date of our exemption legislation; and it is as a means of transportation, a different class of vehicle altogether from those named in the statute. It was invented to meet the needs of a different class of citizenship from that intended to be protected by the exemption statutes. It is a vehicle whose owner is usually well able to pay his debts, and, whether willing or not so to do, should be thereto compelled.

Petitioner relies on *Lames* v. *Armstrong,* 62 Iowa, 327, 144, N. W., 1, 49 L. R. A. (N. S.), 691. In that case an insurance agent was held to be a laborer and an au-

tomobile a vehicle, within the purview of the statute there under consideration. But our statute is so different in its phraseology that we find the Iowa case of no value as authority.

An automobile is property so entirely dissimilar in kind from any of the articles named in our exemption statutes that it cannot be held to be embraced therein, unless we should depart from legitimate construction and engage in judicial legislation.

There was no error in the judgment of the court of civil appeals, and the writ of *certiorari* is accordingly denied.