## In re Ralph McCall PERRY, Lois Armella Perry, Debtors.

### Bankruptcy No. 7–79–00971.

United States Bankruptcy Court,
W. D. Virginia.

Sept. 26, 1980.

Alan T. Gravitt, Legal Aid Society of Roanoke Valley, Roanoke, Va., for debtors.

John R. Patterson, Roanoke, Va., trustee.

H. CLYDE PEARSON, Bankruptcy Judge.

The Debtors, Ralph McCall Perry and Lois Armella Perry, filed petitions in this Court pursuant to Chapter 7 of the Bankruptcy Reform Act of 1978. Lois A. Perry, Debtor, filed an amendment to her schedules claiming exempt personal clothing among other items of property.

The property claimed exempt here questioned, is a mink coat, stipulated by the parties to have a value of approximately $2,500.00 as an item of personal clothing claimed as such by the Debtor. The Trustee objects to the exemption contending this item of property does not come within the purview of the Virginia Exemption Statute § 34–26 Code of Virginia as amended.[1]

---

1. *Code of Virginia* § 34–26

"In addition to the estate, not exceeding in value five thousand dollars, which every householder residing in this State shall be entitled to hold exempt, as provided in chapter 2 (§ 34–4 et seq.) of this title, he shall also be entitled to hold exempt from levy or distress the following articles or so much or so many thereof as he may have, to be selected by him or his agents:
(1) The family Bible.
(1a) Wedding and engagement rings.
(2) Family pictures, schoolbooks and library for the use of the family.
(3) A lot in a burial ground.

(4) All necessary wearing apparel of the debtor and his family, all beds, bedsteads and bedding necessary for the use of such family, two dressers or two dressing tables, wardrobes, chifforobes or chests of drawers or a dresser and a dressing table; carpets, rugs, linoleum or other floor covering; and all stoves and appendages put up and kept for the use of the family not exceeding three.
(5) All cats, dogs, birds, squirrels, rabbits and other pets not kept or raised for sale; one cow and her calf until one year old, one horse, six chairs, six plates, one table, twelve knives, twelve forks, two dozen spoons, twelve dishes,

The Trustee lays claim to the coat as an asset contending such item is not a "necessary" item of wearing apparel provided in § 34–26(4). The Debtor contends that the coat is a necessary item of wearing apparel and that the General Assembly did not place a value upon wearing apparel.

We first allude to the general rules of construction placed upon exemption statutes. In 31 *Am.Jur.2d*, Exemptions § 7 with reference to construction of exemption laws it is therein stated:

"since exemptions are strictly creatures of constitutional or statutory provisions, the questions as to when the right exists and the scope of such right, resolve themselves, in the final analysis, into questions of construction. In interpreting exemption laws, the Courts, while keeping in view the purpose for which such laws are enacted, apply the established rules of statutory construction."

In 31 Am.Jur.2nd, Exemptions § 8 the authority states with reference to strict or liberal construction the following:

". . . it is therefore, the almost universal rule that they (exemption statutes) should receive a liberal construction in favor of those intended to be benefited and favorable to the object and purposes of the enactment . . . and where there is doubt as to whether certain property is exempt or not, the doubt should be resolved in favor of the exemption."

Virginia is in accord with the foregoing liberal rule of construction. *See Atlantic Life Ins. Co. v. Ring*, 167 Va. 121, 187 S.E. 449.

The statute here in question within its own provisions contains several instances of specific limitations prescribed by the Legislature. For example, a clothes dryer not to exceed $150.00 in value. Other specified items are listed as not to exceed "$50.00" or "$25.00". Additionally, a oysterman or fisherman's boat and tackle shall not exceed $1,500.00. Consequently, it would appear that the Legislature intended to fix a value upon items within the statutory scheme of the section itself. It should be noted likewise, that a most recent amendment increasing homestead exemptions from $3,000.00 to $5,000.00, in addition to those exempt items in § 34–26 made no change restricting value of this section. Additionally, ¶ 1(a) was inserted giving exemption of wedding and engagement rings, without limitation.

The statutory language generally exempts "all necessary wearing apparel of the debtor and his family, . . ." The word "necessary" might appear to be a word of limitation requiring the fixing of a value upon the coat in question as a criteria in determining its exempt status. The practical effort of this construction would be to saddle upon a debtor the duty of defending such debtor's poor debtor exemptions from harassing court proceedings by creditors seeking to deprive an improverished debtor of the exemption, the defense of which would be further impoverishing. That cer-

---

or if the family consists of more than twelve, then a plate, knife, fork and two spoons, and a dish for each member thereof; two basins, one pot, one oven, six pieces of wooden or earthenware; one dining room table, one buffet, china press, one icebox, freezer or refrigerator of any construction, one washing machine, one clothes dryer not to exceed one hundred fifty dollars in value, one loom and its appurtenances, one kitchen safe or one kitchen cabinet or press, one spinning wheel, one pair of cards, one axe and provisions other than those hereinafter set out of the value of fifty dollars; two hoes; fifty bushels of shelled corn, or, in lieu thereof, twenty–five bushels of rye or buckwheat; five bushels of wheat, or one barrel of flour; twenty bushels of potatoes, two hundred pounds of bacon or pork, three hogs, fowl not exceeding in value twenty–five dollars, all canned frozen goods, canned fruits, preserved fruits or home-prepared food put up and prepared for use and consumption of the family, twenty–five dollars in value of forage or hay, one cooking stove and utensils for cooking therewith, one sewing machine, and in case of a mechanic, the tools and utensils of his trade, and in case of an oysterman or fisherman his boat and tackle, not exceeding one thousand five hundred dollars in value; if the boat and tackle exceed fifteen hundred dollars in value the same shall be sold, and out of the proceeds the oysterman or fisherman shall first receive one thousand five hundred dollars in lieu of such boat and tackle.

No officer or other person shall levy or distrain upon, or attach, such articles, or otherwise seek to subject such articles to any lien or process."

tainly is not the intent of the Legislature in setting apart property under § 34–26. *See also* 106 A.L.R. Pg. 1076 where this reasoning is set forth and a construction encouraging such proceedings condemned.

In the case of *Frazier v. Barnum*, 19 N.J.Eq. 316, the Court there considered necessary wearing apparel in the nature of an expensive lace shawl of considerable value. In that case, the court ruled that the courts should not indulge in inquiries as to extravagance or bad taste of a debtor's wearing apparel in any consideration relating to its necessity. The court commented that good faith should be a factor. If, as in this case where there is no question of a good faith claim that the coat is a reasonable necessary item of clothing, the value should not govern. The General Assembly could have fixed or set a limitation of one coat for each member of a family. It could have specified one coat of some inexpensive fabric. It has not chosen to do so. As herein mentioned, the Legislature most recently amended this statute providing the exemption of wedding and engagement rings without fixing any limitation.[2] Indeed, it would be inappropriate to say that a diamond engagement ring of one carat is exempt but a diamond ring of more than one carat is not exempt within the legislative language of the statute. The placing of a value on an item of wearing apparel would appear to be just as much a rewriting of the statute as the placing of a limitation upon the insurance exemption which the Virginia court condemned in *Atlantic Life, Supra.*

In the case of *Atlantic Life, Supra*, the court stated in its opinion sustaining the lower court's denial of the Insurance Company's right to offset a $9,000.00 debt against Ring's policy benefits under an exemption statute thusly:

"We fully approve the decree of the trial court in this cause. Until such time as the Legislature deems it advisable to place a limitation on the amount of such benefit exempted under Code § 4219, this court is without authority to deny such exemption regardless of the amount of the benefits involved."

The court also stated that the liberal interpretation rule required a sustaining of the exemption even though the statute did not specifically exclude set off in its prohibitive language.

For the reasons herein set forth, it is the considered judgment of the Court that the proper construction of § 34–26 warrants the granting of the exemption claimed herein.

It is accordingly ADJUDGED AND ORDERED that the Debtor be, and is hereby granted the said exemption.

Service of a copy of this Memorandum Opinion and Order is being made by mail to the Debtors; Alan T. Gravitt, Esq., Counsel for the Debtors; and John R. Patterson, Esq., Trustee.

---

**2.** The Uniform Exemptions Act § 8(a)(2) specifies a value upon wearing apparel. We must assume the Virginia Legislature declined to follow such provision in its reenactment of § 34–26 in recent years.