### In re Lee Dale PEDERSON and Pamela Leone Pederson, Debtor(s).

### Bankruptcy No. 88 B 12640 J.

United States Bankruptcy Court, D. Colorado.

March 6, 1989.

James R. Waltz, Denver, Colo., for debtor.

H. Christopher Clark, Denver, Colo., for Ralph L. and Margaret Michehl.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH,
Bankruptcy Judge.

THIS MATTER comes before the Court upon an Objection to Exemption filed on behalf of Ralph L. Michehl and Margaret Michehl.

On January 23, 1980, Pamela Pederson, formerly Pamela Michehl, entered into a settlement agreement as part resolution of litigation arising from an auto accident which resulted in the death of her husband, Craig Michehl, and personal injuries to herself. Pursuant to this agreement, Pamela Pederson was made the annuitant of an annuity contract which was to pay her $700 per month for life, with guaranteed payment for twenty years.

On April 1, 1981, Pamela Pederson entered into a contract with Ralph and Margaret Michehl in Iowa. As a result of nonperformance on the part of Pamela Pederson, the Michehl's obtained a judgment in Iowa County Court on March 4, 1982, in the amount of $33,014 against Pamela Pederson.

The Michehl's subsequently garnished Pamela Pederson's annuity on June 24, 1988, by serving a Notice of Garnishment and Interrogatories on the Commissioner of Insurance in Polk County, Iowa against the American International Life Assurance Company of New York, underwriter of the Pederson annuity.

On September 18, 1988, Pamela and Lee Pederson filed a voluntary Chapter 7 petition in Colorado, and claimed as exempt property, the Pamela Pederson annuity. The resolution of this action then turns upon which state law will apply to the claimed exemption, that of Colorado or that of Iowa.

Both Colorado and Iowa have "opted out" of the federal bankruptcy exemptions and therefore their respective state exemption statutes will apply to resolution of this issue. The Colorado exemption statute exempts proceeds of any claim for damages for personal injury and has no requirement that such proceeds be necessary for the debtor's support.[1]

There is some dispute regarding which Iowa exemption statute would apply in this case. Prior to July 1, 1981, the Iowa exemption statute had no provision for exempting annuities, pension or similar plans. In fact, the Iowa statute had not significantly changed since 1851.[2] In 1981, the section was struck and a new section was inserted.[3] The July 1, 1981 effective date of the statute was subsequent to the date of contract between Pederson and the Michehl's, but prior to the date upon which the Michehl's obtained judgment. It is the Michehl's assertion that since their contract rights vested on April 1, 1981, three months before the July 1, 1981 statute, that the pre-July 1, 1981 statute should govern. However, after a careful examination of the constitutional issues of governmental taking and impairment of the obligation of contracts, the Iowa bankruptcy courts have held that the present Iowa exemption statute is remedial and operates retrospectively. An Iowa statute is presumed to be prospective in its operation except when it relates solely to a remedy, a remedial statute being one which is designed to correct an existing law or remedy

---

1. C.R.S. 13–54–102. Property exempt. (1) The following property is exempt from levy and sale under writ of attachment or writ of execution: (n) The proceeds of any claim for damages for personal injuries suffered by any debtor except for obligations incurred for treatment of any kind for such injuries or collection of such damages.

2. The old Iowa statute exempted among other things: 2 cows and 2 calves, 50 sheep, 6 stands of bees, 5 hogs, 1 bedstead for every 2 in the family, spinning wheels and looms, and (instead of a motor vehicle), 1 horse.

3. Iowa Code, Title XXXI § 627.6. A debtor who is a resident of this state may hold exempt from execution the following property:
    8. The debtor's rights in:
    e. A payment under a pension, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

defects in civil jurisprudence. *Matter of Towns,* 74 B.R. 563 (Bankr.S.D.Iowa 1987). Though the Iowa court was ruling on a 1986 amendment to the 1985 exemption statute, the principle applies even more so to the 1981 amendment to the pre–1981 statute ("It is indeed age-encrusted and ill-suited for the twentieth century." *Matter of Hahn,* 5 B.R. 242 (Bankr.S.D.Iowa 1980)). The 1981 amendment corrected a clearly antiquated and obsolete exemption statute and operates retrospectively.

Even if the 1981 Iowa exemption statute did not operate retrospectively, the Michehl's would be in no better position. Prior to the enactment in Iowa of the 1981 statute, exemption rights would have been determined by the federal exemptions under 11 U.S.C. § 522(d), for Iowa did not "opt out" of the federal exemption statute until 1981[4], apparently by the same Act which enacted the new state exemption statute (Acts 1981, ch. 182 §§ 2, 3).

Exemption rights in bankruptcy are determined as of the time of the bankruptcy filing. 11 U.S.C. § 522(b)(2)(A). *Mansell v. Carroll,* 379 F.2d 682 (10th Cir.1967). Therefore, in choosing which law to apply, Colorado or Iowa, this court will use the Iowa and Colorado statutes in effect at the time debtors filed their petition in bankruptcy.

The state of Colorado has adopted the Restatement (Second) of Conflict of Laws when resolving choice of law issues. *First National Bank in Fort Collins v. Rostek,* 182 Colo. 437, 514 P.2d 314 (1973); *Wood Bros. Homes, Inc. v. Walker Adjustment Bureau,* 198 Colo. 444, 601 P.2d 1369 (1979); *Dresser Industries, Inc. v. Sandvick,* 732 F.2d 783 (10th Cir.1984). The general rule as set out in § 132 of the Restatement on exemptions is that the law of the forum is controlling as to the exemption of property from execution unless some other state has the dominant interest. An example of another state's interest being dominant is where real property sought to be exempted is located in another state. The state which is the situs of the real property would then have the dominant interest.

3 Collier on Bankruptcy ¶ 522.06 states that the law of the debtor's domicile shall govern exemptions, even if the law of the domicile is different from the law of the forum. In the case at bar, Colorado is both the forum and the domicile of the debtors. The policy behind the enactment of the Colorado exemption statute is to preserve to the debtor shelter, clothing and means of support to prevent the debtor from becoming a charge upon the state. Iowa's policy is the same, as explicitly set out in *Matter of Hahn,* 5 B.R. 242 (Bankr.S.D.Iowa 1980).

"There are 5 basic purposes for exemption laws:

1. to provide a debtor enough money to survive;

2. to protect his dignity and his cultural and religious identity;

3. to afford a means of financial rehabilitation;

4. to protect the family unit from impoverishment;

5. to spread the burden of the debtor's support from society to his creditors."

If debtors were made destitute, they would become a charge upon the welfare rolls of Colorado, not those of Iowa. Thus, Iowa has no interest in the application of a statute which would prevent debtors from becoming a charge upon the state of Colorado. Iowa is only concerned with preventing its own residents from becoming a burden on its welfare rolls. Additionally, the language of the Iowa statute itself indicates that it only applies to residents of Iowa. The debtors are residents of Colorado only, not Iowa. The only interests of Iowa are:

1. It was the residence of creditors Ralph and Margaret Michehl and Pamela Pederson at the time the Michehl–Pederson contract was executed, though there is no evidence that the Michehl's are still resident there.

2. It is the state where Pamela Pederson entered into her annuity contract.

4. Iowa Code § 627.10.

3. Judgment against Pamela Pederson was obtained in Iowa.

4. It was the place of garnishment.

Though these interests are important, they do not predominate over the interests of Colorado. Colorado has the dominant interest in seeing that its residents do not become a charge upon the state. It is both the domicile of the debtors and the forum. The only basic difference between the Colorado and Iowa statutes is that Iowa requires a finding that the annuity is necessary for the debtors' support in order to be exempt. Colorado requires no such finding. This small difference in the statutes is small justification for a finding that Iowa's interests are dominant.

Therefore, this court holds that in determining the exempt status of the Pederson annuity, Colorado law shall be applied. Under C.R.S. 13–54–102, proceeds of any claim for damages for personal injuries suffered by a debtor are exempt. Pamela Pederson received the annuity pursuant to a settlement agreement resolving a suit for personal injuries, and it is therefore exempt under Colorado law.

ORDERED that the Objection to Exemption be overruled and the exemption of the $700 per month annuity be allowed.