**In re Theresa G. HAZELHURST a/k/a Theresa G. Brunetto f/d/b/a Grace's Candies, Debtor.**

**Bankruptcy No. 98–33811.**

United States Bankruptcy Court, E.D. Tennessee.

Dec. 30, 1998.

---

McGee, Newton & Wykoff, P.C., John P. Newton, Jr., Knoxville, TN, for debtor.

Walker & Walker, P.C., John A. Walker, Jr., Knoxville, TN, for Mary C. Walker, trustee.

## MEMORANDUM

RICHARD S. STAIR, Jr., Chief Judge.

This matter is before the court on the Objection to Exemption filed by the Chapter 7 trustee, Mary C. Walker, on October 8, 1998. The Trustee objects to the exemption claimed by the Debtor, Theresa G. Hazelhurst, for various items of jewelry. An evi-dentiary hearing was held on December 9, 1998. The Debtor was the only witness to testify. In addition to her testimony, the court takes judicial notice of the schedules filed by the Debtor with her petition.

This is a core proceeding under 28 U.S.C.A. § 157(b)(2)(B) (West 1993).

### I

The Debtor filed the Voluntary Petition commencing her bankruptcy case on August 25, 1998. On Schedule C, she itemizes the property which she claims as exempt. Included within Schedule C is an exemption claimed by the Debtor under TENN.CODE ANN. § 26-2-103 (1980) for "Watch, Rings, Necklaces, Bracelets, [and] Costume Jewelry," which the Debtor values collectively at $2,670.00. The majority of the jewelry, all of which was displayed at the hearing, appears to be costume jewelry consisting of numerous sets of earrings, pendants, necklaces, bracelets, and the like. Although the court was not presented with any credible evidence regarding the value of any specific item of jewelry, the items with the greatest value appear to be a six-prong gold diamond solitaire engagement ring, a yellow gold diamond and amethyst ring, and a wedding band.

The Debtor testified that the diamond engagement ring, which she no longer wears, was given her by her former husband; that she wears the amethyst ring, which she inherited from her grandmother, once or twice a week; that she wears the wedding band approximately once a month; and that she no longer wears the assorted items of costume jewelry. It is undisputed that the jewelry is held by the Debtor for personal use and not for investment or resale purposes.

### II

Bankruptcy Code § 522 provides that a debtor may claim as exempt certain items of property as listed in either § 522(b)(1) or (b)(2). See 11 U.S.C.A. § 522(b) (West 1993 & Supp.1998). Section 522(b)(1) allows each state to apply its own exemption laws rather than the federal exemptions enumerated at § 522(d). See id. Tennessee has opted out

of the federal scheme of exemptions. *See* TENN.CODE ANN. § 26–2–112 (1980); *Lawrence v. Jahn (In re Lawrence)*, 219 B.R. 786, 790 (E.D.Tenn.1998).

In Tennessee, a personal property exemption is allowed, as follows,

> Personal property to the aggregate value of four thousand dollars ($4,000) debtor's equity interest shall be exempt.... Such person may select for exemption the items of the owned and possessed personal property, including money and funds on deposit with a bank or other financial institution, up to the aggregate value of four thousand dollars ($4,000) debtor's equity interest.

TENN.CODE ANN. § 26–2–102 (1980). Additional exemptions for personal property are allowed under TENN.CODE ANN. § 26–2–103 (1980) which provides in material part:

> (a) In addition to the exemption set out in § 26–2–102, there shall be further exempt to every resident debtor the following specific articles of personalty:
>
> (1) All necessary and proper wearing apparel for the actual use of himself and family and the trunks or receptacles necessary to contain same[.]

Neither code section addresses whether jewelry may be exempted and there are no cases resolving the issue. The trustee does not suggest, however, that jewelry cannot be claimed exempt under Tennessee's general personal property exemption statute, § 26–2–102. That statute is not at issue in this contested matter.

Two reported bankruptcy cases refer to jewelry and the Tennessee exemption statutes. First is a case out of this court's Northeastern Division, *In re Sumerell*, 194 B.R. 818 (Bankr.E.D.Tenn.1996). There Judge Parsons allowed a debtor to claim jewelry as exempt property. *See id.* at 830. A creditor had objected to that exemption claim and others with respect to valuation, but because the creditor offered no valuation proof regarding the jewelry, the exemption was allowed. *See id.* Whether that exemption was allowable under § 26–2–102 or § 26–2–103, was not an issue and there was accordingly no analysis of the applicability of the § 26–2–103 exemption statute to jewelry.

The issue now before the court was not resolved by the *Sumerell* case.

The second case is *In re French*, 177 B.R. 568 (Bankr.E.D.Tenn.1995), decided by this court. In that case the debtor sought to avoid a lien pursuant to, at that time, Bankruptcy Code § 522(f)(2)(A) encumbering a diamond ring she had claimed as exempt pursuant to TENN.CODE ANN. §§ 26–2–102 and 26–2–103. *See id.* at 570. The debtor, however, was not in possession of the ring at the commencement of her bankruptcy case. *See id.* at 571. Because then § 522(f)(2)(A), now § 522(f)(1)(B), allows debtors to avoid a lien only on property that is "held" by a debtor or a debtor's dependant, this court determined that the lien encumbering the jewelry could not be avoided. *See id.* at 572. The ambiguity inherent in § 26–2–103 was recognized at that time, however, it was not necessary to reach that issue. *See id.* ("Section 26–2–103 is unclear; however, the statute's requirement that the wearing apparel, which may include jewelry, be for the 'actual use' of the debtor implies that it must at least be in the debtor's possession.").

■ Tennessee allows the exemption only for "necessary and proper wearing apparel." TENN.CODE ANN. § 26–2–103. The statute provides no definitions and no limits. In a situation such as this, "[w]here statutory language is not expressly defined, it will be given its common meaning." *See Lawrence*, 219 B.R. at 791. Consulting BLACK'S LAW DICTIONARY, however, further muddies the water by warning that "necessary" "is a word susceptible of various meanings. It may import absolute physical necessity or inevitability, or it may import that which is only convenient, useful, appropriate, suitable, proper, or conducive to the end sought." BLACK'S LAW DICTIONARY 1029 (6th ed.1990). The definition of "proper" adds little to the analysis: "That which is fit, suitable, appropriate, adapted, correct. Reasonably sufficient. Peculiar; naturally or essentially belonging to a person or thing; not common; appropriate; one's own." *Id.* at 1216.

■ The court may also consider the purpose of the allowance of exemptions when making its decision. *See Lawrence*, 219 B.R.

at 791. In Tennessee, exemptions have traditionally been allowed as an assurance of basic necessities for indigent persons. *See Prater v. Reichman,* 135 Tenn. 485, 187 S.W. 305, 306 (1916) (explaining that the public policy behind the exemption statutes of that time was the provision of "certain kinds of property which are necessary to the maintenance of the families of improvident or unfortunate debtors."). For the purposes of bankruptcy, exemptions have a very similar objective:

> Exemptions are enacted to ensure that a debtor coming out of the bankruptcy process retains sufficient property to obtain a fresh start and to provide the debtor with the basic necessities of life so that he will not be left entirely destitute by his creditors.

*Lawrence,* 219 B.R. at 792. Furthermore,

> A fundamental component of an individual debtor's fresh start in bankruptcy is the debtor's ability to set aside certain property as exempt from the claims of creditors. Exemption of property, together with the discharge of claims, lets the debtor maintain an appropriate standard of living as he or she does forward after the bankruptcy case.

4 COLLIER ON BANKRUPTCY ¶ 522.01 (15th ed. rev.1998).

### III

Although both parties cite case law from other jurisdictions, that case law can offer only limited guidance on Tennessee's statutory exemptions. The law of other states can illustrate various approaches to the exemption of jewelry. A decision of the Fifth Circuit, *Fernandez v. Seidler (In re Fernandez),* 855 F.2d 218 (5th Cir.1988), is instructive. That court held that a statutory exemption for "clothing" included an exemption for jewelry which the debtor actually wears and which is reasonably necessary. *See id.* at 222. The court also noted that it found it "difficult to believe that Texas law requires debtors to hand over their wedding rings to satisfy the claims of creditors, while letting them keep 'home furnishings, including family heirlooms,' and 'athletic and sporting equipment.' " *Id.* at 221. Instead of determining whether the debtor's jewelry, valued at over $8,000.00, was excessive or reasonably necessary, the court remanded the case to be decided in light of its ruling. *See id.* at 221–22.

The Trustee in the present case asks the court to find as a matter of law that jewelry cannot be claimed exempt as "wearing apparel" under § 26-2-103. However, the Trustee's counsel in closing argument stated that the exemption would apply for items he categorized as "uniquely personal" such as a watch and wedding rings. The court does not believe the Trustee can have it both ways. If jewelry is not exempt under § 26-2-103 as a matter of law, then there are no exceptions. Whether an item of jewelry is "uniquely personal" is an issue of fact. Are a watch and wedding rings any more "uniquely personal" than an item of jewelry which, for example, may have been inherited from a relative or received as a gift from a close friend? The court thinks not.

■ At any rate, the court does not agree that jewelry is, per se, excluded from the context of wearing apparel under the Tennessee statute.

> **Wearing apparel.** As generally used in statutes, refers not merely to a person's outer clothing, but covers all articles usually worn, and includes underclothing. All articles of dress generally worn by persons in the calling and condition of life and in the locality of the person in question.

BLACK'S LAW DICTIONARY 1594 (citations omitted). Apparel is defined, *inter alia,* as "something that clothes or adorns," while to wear something is "to bear or have on the person"; "to use habitually for clothing or adornment"; and "to carry on the person." WEBSTER'S NEW COLLEGIATE DICTIONARY 54, 1316 (1979).

The court takes judicial notice that jewelry, in the form of watches, rings, earrings, bracelets, necklaces, and the like, are commonly worn by women in the Eastern District of Tennessee both in the work place and, perhaps more so, in social settings; that jewelry is worn in conjunction with clothing; and that in many instances, it is worn to complement or augment an item or items of

clothing. Jewelry, with the exception of a watch and wedding rings, is worn in the same manner as is clothing. The event not only dictates the clothing worn, but the jewelry worn with that clothing.

While the court is satisfied that "wearing apparel" within the context of § 26–2–103 includes jewelry, the Tennessee statute nonetheless mandates that such "wearing apparel" be "necessary and proper." Those terms, as previously noted, are subject to their own broad range of definitions. The court is of the opinion that what is "necessary and proper" is fact specific to each debtor. Is it "necessary or proper" that a debtor wear a watch? The Trustee acknowledges that it is. However, what if that watch happens to be a $20,000.00 Rolex?

It appears to this court that a number of criteria should be considered in determining whether jewelry is "necessary and proper" wearing apparel for the purpose of § 26–2–103. These criteria include: (1) the nature of the items, *i.e.*, are they commonly worn articles of jewelry such as rings, earrings, bracelets, watches, and necklaces; (2) how often are they worn by the debtor, *i.e.*, frequently, infrequently, or never; (3) what occasions, if any, dictate the wearing of the jewelry; and (4) value. While not an element for consideration under the statute, value may nonetheless be important in determining whether an article may be categorized as a luxury item. As such, it might well not be "necessary and proper." The court does not suggest that these are all the criteria that might be looked at in evaluating the jewelry/wearing apparel issue. As stated, each case stands on its own.

With regard to the present case, the Debtor testified that she no longer wears the costume jewelry and engagement ring given her by her former husband. Obviously, if the Debtor does not wear these items of jewelry they cannot be deemed "necessary and proper." The Debtor is accordingly not entitled to claim these items exempt under TENN.CODE ANN. § 26–2–103. However, to the court's untrained eye, the costume jewelry displayed by the Debtor during the trial appears to have little, if any, value. The court strongly urges the Trustee not to attempt to sell such jewelry, or for that matter any other jewelry, unless she can obtain a price sufficient to warrant a distribution to creditors after payment of administrative expenses. The Debtor has scheduled $49,000.00 in nonpriority, unsecured claims.

With regard to the amethyst ring, the Debtor testified that she inherited this from her grandmother and wears it at least once a week. The court finds this ring to be "necessary and proper" wearing apparel and will allow it as exempt. The only remaining item is the wedding band which the Debtor testified she wears once a month. At the hearing, the Trustee's counsel stated that the Trustee asserts no interest in this item of jewelry. It will accordingly be allowed the Debtor as exempt.

This Memorandum constitutes findings of fact and conclusions of law as required by FED.R.CIV.P. 52(a).