**In re Karen Ann PETERSON, Debtor.**

No. 01–11274.

United States Bankruptcy Court,
S.D. Alabama.

Aug. 10, 2001.

---

A. Richard Maples, Jr., Mobile, AL, for Debtor.

Marion E. Wynne, Mobile, AL, for Lynn Harwell, Trustee.

## ORDER SUSTAINING IN PART AND DENYING IN PART TRUSTEE'S OBJECTION TO EXEMPTIONS

MARGARET A. MAHONEY, Chief Judge.

This matter is before the Court on the Trustee's objection to exemptions. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of. Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is sustaining the objection of the Trustee to Debtor's exemptions except as to one watch.

### FACTS

Karen Ann Peterson filed for relief pursuant to chapter 7 of the Bankruptcy Code on March 14, 2001. Property Ms. Peterson claimed as exempt included several jewelry or luxury items: an 18k Cartier watch valued at $3,200.00, a full length mink coat valued at $1,800.00, a wedding ring valued at $1,550.00, a gold and diamond necklace valued at $ 950.00, an emerald ring valued at $900.00 and a strap band Cartier watch valued at $600.00. Ms. Peterson also claimed an exemption for alimony of $ 10,000 per month not to exceed $230,000.00 which she valued at $10.00. The Trustee did not object to Peterson's wedding ring being exempted but objected to all of the other items listed above.

### LAW

A claimed exemption is "presumptively valid." 9 Collier on Bankruptcy, ¶ 4003.04 (15th ed. rev.1998); *In re Patterson*, 128 B.R. 737, 740 (Bankr. W.D.Tex.1991). Once an exemption has been claimed, the objecting party has the burden of proving that the exemption is

not properly claimed. See Fed.R.Bankr.P. 4003(c). "The objecting party must produce evidence to rebut the presumptively valid exemption." *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n. 3 (9th Cir.1999) ( citing *In re Lester*, 141 B.R. 157, 161 (S.D.Ohio 1991)). "If the objecting party can produce evidence to rebut the exemption, the burden of production then shifts to the debtor to come forward with unequivocal evidence to demonstrate that the exemption is proper." *In re Carter*, 182 F.3d at 1029 n. 3 (citations omitted).

■ Pursuant to Ala.Code § 6–10–6 (1975), a debtor is entitled to an exemption in her personal property "except for wages, salaries, or other compensation, to the extent of [debtor's] interest therein, to the amount of $3,000 in value, to be selected by him or her, and, in addition thereto, all necessary and proper wearing apparel for himself or herself and family ..." Exemption statutes should be liberally construed in favor of debtor. *Casey v. Cooledge*, 234 Ala. 499, 175 So. 557 (1937). However, they should also be construed in light of the purpose for which they were created. See *In re Hendrick*, 45 B.R. 965, 972 (Bankr.M.D.La.1985); *In re Hahn*, 5 B.R. 242 (Bankr.S.D.Iowa 1980). The general purpose of exemptions is "to provide for the subsistence, welfare, and fresh start of a debtor" so that her family will not be destitute and the debtor will not become a "charge on the state." *Hendrick*, 45 B.R. at 972; see also *In re Pederson*, 105 B.R. 622, 624 (Bankr. D.Colo.1989); *In re Hersch*, 23 B.R. 42 (Bankr.M.D.Fla.1982); *In re Turner*, 186 B.R. 108 (9th Cir. BAP 1995). The vast majority of courts have found that "wearing apparel" may sometimes include jewelry and watches worn by a debtor. See, e.g., *In re Mitchell*, 103 B.R. 819 (Bankr. W.D.Tex.1989); *In re Fernandez*, 855 F.2d 218 (5th Cir.1988); *In re Mims*, 49 B.R. 283 (Bankr.E.D.N.C.1985); *In re Westhem*, 642 F.2d 1139 (9th Cir.1981); *In re Smith*, 96 F. 832 (W.D.Tex.1899). Whether the items can be exempted depends largely on whether they were acquired and used as apparel, or as an investment. *In re Mims*, 49 B.R. 283 (Bankr.E.D.N.C. 1985); *In re Leech*, 171 F. 622 (6th Cir. 1909).

■ The Alabama statute specifically limits the exemption to wearing apparel that is "necessary and proper." Ala.Code § 6–10–6 (1975). In states with similar statutes, some of the factors courts consider when determining whether the items are necessary and proper include: (1) nature of the items, (2) how often the items are worn, (3) what occasions, if any dictate the wearing of the items, (4) the amount of emotional attachment to the items (5) the number of jewelry pieces claimed as exempt, (6) the circumstances under which the items were acquired, (7) the station in life of the person claiming the exemption and (8) the value of the items.[1] See *In re Hazelhurst*, 228 B.R. 199 (Bankr. E.D.Tenn.1998); *In re Leva*, 96 B.R. 723 (Bankr.W.D.Tex.1989); *In re Reed*, 89 B.R. 603 (Bankr.N.D.Tex.1988); *In re Fernandez*, 855 F.2d 218 (5th Cir.1988). Jewelry and watches must be intended as wearing apparel and not retained principally to demonstrate that debtor has achieved a "certain level of wealth." *In re Leva*, 96 B.R. 723, 736 (Bankr.W.D.Tex. 1989). When an item is solely designed to enhance prestige or status of its owner, then the item is not necessary and proper wearing apparel. *In re Hendrick*, 45 B.R.

---

[1] This Court does not necessarily list these factors with approval, but merely to illustrate the types of questions other courts have addressed in deciding whether items claimed as exempt meet the necessary and proper test.

965, 972 (Bankr.M.D.La.1985). "[T]he fair market value of such items is far more than value of utilitarian items that would serve same function." *Id.*

In this case, Peterson has included several pieces of jewelry. Two of the items are Cartier watches. One of the watches is considerably more valuable than the other. This Court finds that two watches are not necessary and proper for the debtor. The monetary value of the $3,200 watch greatly outweighs its utilitarian value since Peterson has a second Cartier watch that can serve the same function. There was no evidence that Peterson was emotionally attached to the items. Peterson's counsel asserted that due to debtor's station in life the seemingly extravagant watch was appropriate. However, there was no evidence as to her station in life or her present employment, or that it was necessary or proper attire for her employment position or for any function that she would be compelled to attend. This Court finds that the primary purpose of Peterson's $3,200 Cartier watch is to enhance her prestige or status, while her $600 Cartier watch is necessary and appropriate wearing apparel.

The remaining pieces of jewelry Peterson claims as exempt are a wedding ring, a gold and diamond necklace and an emerald ring. The Trustee does not object to Peterson claiming her wedding ring. The gold and diamond necklace is valued at $950.00 and the emerald ring is valued at $900.00. The value of these items alone rebuts the presumption that they are validly exempted. Again, Peterson offered no testimony to evidence a need to wear such expensive jewelry pieces. Counsel asserted that given Peterson's station in life that these items were appropriate. However, there is no evidence that Peterson needs a diamond necklace and an emerald ring to wear to

business functions or other necessary engagements. According to Peterson's schedules she is not even employed and there was no evidence that she is seeking employment. Ms. Peterson did not offer evidence of any emotional attachment to the items. There was no evidence that these jewelry items are necessary for debtor's fresh start. The evidence demonstrated that these items were valuable pieces of jewelry which are not usually necessary wearing apparel. Peterson did not satisfy her burden to then demonstrate that the exemption is proper. Therefore, this Court finds that the diamond necklace and the emerald ring are not necessary and proper wearing apparel.

As for the full length mink coat, there is no question that a coat is "wearing apparel." The question is whether it is "necessary and proper." The mink coat is valued at $1,800.00. At least one court has held that a mink coat, although expensive, was exemptible. *In re Perry,* 6 B.R. 263 ( Bankr.W.D.Va.1980). The Perry court construed the Virginia statute exempting "all necessary wearing apparel" to include a fur coat regardless of its value. *Id.* The Perry court found that the word "necessary" did not limit the value permitted for exempt items. *Id.* The court reasoned that there was no dollar limit set out in the statute and the legislature could have specifically limited the provision if that was the legislature's intent. *Id.* The Perry court appears to hold that the value of the item is irrelevant to the determination of whether it qualifies as exempt property. *Id.* This Court disagrees with the Perry court and follows the courts which consider value when determining whether an item may be exempted as wearing apparel. See, e.g., *In re Hazelhurst,* 228 B.R. 199 (Bankr.E.D.Tenn.1998); *In re Leva,* 96 B.R. 723 (Bankr.W.D.Tex.1989); *In re Hendrick,* 45 B.R. 965 (Bankr.La.

1985). Although value alone does not control whether an item is necessary, it is a factor to consider. If an expensive item of apparel is needed to allow a debtor to pursue his or her livelihood or to survive in the climate where the debtor resides then that item may be validly exempted. Peterson has presented no evidence that she wears the coat regularly or that it is necessary attire for her social, business or professional engagements. Given the southern locality where Peterson lives it is not likely she would have many opportunities to wear a full length fur coat. The monetary value of the coat far outweighs its utility value. This court finds that the fur coat is a luxury item intended to enhance Peterson's prestige or status and is not necessary or proper wearing apparel.

■■■■ The remaining exemption the Trustee has objected to is the $10,000 per month alimony judgment. Peterson asserted that the alimony is a form of wage, salary or other compensation and pursuant to Ala.Code § 6–10–7 ( 1975) is entitled to be exempted in an amount equal to 75% of such wages. Section 6–10–7 provides:

> The wages, salaries or other compensation of laborers or employees, residents of this state, for personal services, shall be exempt from levy under writs of garnishment or other process for the collection of debts contracted or judgment entered in tort in an amount equal to 75 percent of such wages, salaries or other compensation due or to become due to such laborers or employees, and the levy as to such percentage of their wages, salaries or other compensation shall be void . . .

To qualify for this exemption the compensation claimed must be that of a " laborer" or "employee." An individual is a laborer if her duties consist mainly of "work requiring physical power to perform ordinary manual labor." *In re Dean*, 91 B.R. 125, 127 (Bankr.N.D.Ala.1988) (citations omitted). To qualify as an employee, there must be a master and servant relationship, which exists when an employer "retains the right to direct the manner which the business shall be done, as well as the result to be accomplished, as, in other words, not only what shall be done, but how it shall be done." *Id.* There was no evidence offered to support a finding that Ms. Peterson's alimony judgment was actually Peterson's wages as a laborer or employee and this Court does not see how it could possible qualify as such. A divorced spouse and his or her dependents may require alimony or other support for their basic needs, especially if they have no other resources, however "[t]hese benefits are not future wages but instead are quasi-assets." *Sheehan v. Lincoln Nat. Life*, 257 B.R. 449, 456 (N.D.W.Va.2001) ( citations omitted).

■■■■ Peterson's counsel further asserted that the right to the alimony is worthless, in that Peterson has been unable to collect the alimony payments from her husband and did not think she would be able to collect it in the future. Pursuant to § 541 of the Bankruptcy Code, Peterson's bankruptcy estate includes all legal or equitable interests in property as of the commencement of the case. Any alimony owed to Peterson under the judgment as of the time she filed bankruptcy, March 14, 2001, is property of her bankruptcy estate. Any payments that are not due and payable until after the date of filing are not property of the estate. Although Peterson's counsel has asserted that the payments may be difficult to collect, Peterson cannot exempt her entire interest in the payments by unilaterally assigning it a nominal value. Peterson is entitled to an exemption in her personal property "to the amount of $3,000 in value." Ala.Code § 6–10–6 (1975). To the

extent her other personal property exemptions, not including her wearing apparel exemptions,[2] total less than $3,000 she can exempt the alimony payments that were due at the time of her filing. To the extent the amount exceeds her available personal property exemption limit, Peterson may not exempt her interest in the property.

THEREFORE, IT IS ORDERED AND ADJUDGED:

1. The objection of the Trustee to the exemptions of Karen Ann Peterson is sustained as to the following property: (A) 18k Cartier watch valued at $3,200, (B) gold and diamond necklace valued at $950, (C) emerald ring valued at $900, (D) full length mink coat valued at $1,800 and (E) alimony judgement to the extent the amount payable at the time of filing, March 14, 2001, exceeds the remaining statutory exemption amount permitted.

2. The objection of the Trustee to the exemptions of Karen Ann Peterson is overruled as to the strap band Cartier watch valued at $600.

---

**2.** Peterson's exemptions for necessary and proper wearing apparel are in addition to her $ 3,000 personal property exemption. Ala. Code § 6–10–6 (1975).